UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>　　　　　　　Defendants. | **Case No. 07-CV-10268 (LBS)** |

*ESPOSITO* **PLAINTIFFS' OPPOSITION TO (1) PLAINTIFF** *MARY GIDARO'S* **MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM COUNSEL FOR THE CLASS, AND (2) PLAINTIFF** *GREGORY YASHGUR'S* **MOTION FOR CONSOLIDATION OF ALL RELATED ERISA ACTIONS AND FOR APPOINTMENT OF A LEAD PLAINTIFF AND INTERIM LEAD COUNSEL**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>      Defendants. | **Case No. 07-CV-10273 (LBS)** |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>      Defendants. | **Case No. 07-CV-10398 (DC)** |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>      Defendants. | **Case No. 07-CV-10569 (JSR)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>      Defendants. | **Case No. 07-CV-10661 (CM)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>Defendants. | **Case No. 07-CV-10687 (JGK)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>Defendants. | **Case No. 07-CV-10710 (GEL)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>      Defendants. | **Case No. 07-CV-11054 (MGC)** |

**NOTICE DATE: January 3, 2008 at 2:15 p.m.**

## I. INTRODUCTION

Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin ("*Esposito* Plaintiffs") respectfully submit this opposition to the competing motions for appointment of interim class counsel filed by Plaintiff Mary Gidaro and filed by Plaintiff Gregory Yashgur.[1]

This Court's task is clear. When presented with competing motions, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." Fed. R. Civ. P. 23(g)(B) (emphasis added).[2] The standards for selecting class counsel are outlined in Fed. R. Civ. P. 23(g)(1)(C). Pursuant to this Rule, there are four factors that the Court should consider:

(i) the work counsel has done in identifying or investigating potential claims in the action,

(ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(iii) counsel's knowledge of the applicable law, and

(iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C). With all due respect to counsel for Plaintiff Gidaro and counsel for Plaintiff Yashgur, the four factors support the appointment of Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Interim Co-Lead Counsel, in this complex ERISA class action.

---

[1] The *Esposito* Plaintiffs filed a motion to consolidate and for appointment of lead counsel, along with supporting memorandum ("hereinafter *Esposito* Mem"), on December 14, 2007. On December 12, 2007, counsel for Plaintiff Gidaro (No. 07-CV-10273 (LBS)) also filed a motion to consolidate and for appointment of lead counsel. In addition, on December 21, 2007, counsel for Plaintiff Yashgur (No. 07-CV- 10569 (JSR)) filed a motion to consolidate and for appointment of lead counsel.

[2] As there is no dispute amongst the parties as to the motion for consolidation of the ERISA cases, this response will focus on the proposed leadership structure for this case.

Courts and commentators alike have recognized that ERISA company stock litigation is a highly complex, specialized, and rapidly developing area of the law. Keller Rohrback has played a leading role in the development of this area of law by obtaining favorable landmark decisions as well as by recovering hundreds of millions of dollars on behalf of employees in these cases. *Esposito* Mem. at 16-20. Keller Rohrback serves or has served as lead counsel in numerous similar ERISA class actions, including several in this district itself: *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litigation*, No. 03-8335 (S.D.N.Y.) (J. Pauley); and *In re Marsh ERISA Litigation*, No. 04-cv-8157 (S.D.N.Y) (J. Kram), among others.

Similarly, Cohen Milstein has substantial experience and success in this area of law. As detailed in *Esposito* counsel's motion for appointment as lead counsel, Cohen Milstein's Employee Benefits Practice Group, headed by the former chief ERISA lawyer for the United States Department of Labor, has been actively engaged in a wide range of ERISA class actions, including cases similar to the case presented here. *Esposito* Mem. at 20-24. The Employee Benefits Practice Group includes three attorneys who previously occupied management positions at the Department of Labor with responsibility for ERISA litigation at both the trial and appellate levels. The decades of ERISA litigation experience that these attorneys bring to the practice is unmatched by any other plaintiff's firm seeking to represent benefit plan participants and beneficiaries injured by the conduct alleged in these cases.

Thus, we respectfully submit that the leadership structure proposed by the *Esposito* Plaintiffs in which Keller Rohrback and Cohen Milstein would serve as Interim Co-Lead Counsel, with Cohen Milstein's New York office serving as liaison counsel, is in the best interests of the Class.

## II. DISCUSSION

### A. All Four Rule 23(g) Factors Support the Appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel.

#### 1. Keller Rohrback and Cohen Milstein have taken substantial preliminary steps to prosecute this action.

As noted in our moving papers, Keller Rohrback and Cohen Milstein have already taken substantial preliminary steps in prosecuting this action. *See* Memorandum in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-lead Counsel, For Entry of Pretrial Order No. 1, and in Opposition to Plaintiff Gidaro's Motion for Consolidation and Appointment of Interim Counsel for the Class, hereinafter "*Esposito* Mot." at 14-15. Counsel for the *Esposito* Plaintiffs have:

- Obtained relevant plan documents from Merrill Lynch and made formal requests for all plan documents pursuant to ERISA §104(b);
- Reviewed numerous plan documents;
- Spoken with numerous class members;
- Interviewed additional witnesses knowledgeable about the allegations in their complaint;
- Drafted and filed detailed complaints with careful attention to the terms of the Plan documents as well as the specific factual circumstances that give rise to this litigation and on which Plaintiffs' allegations of ERISA breach of fiduciary duty and imprudence are based; and
- Monitored potential and on-going government investigations.

*See id.* at 14-15.

We draw particular attention to the Complaints we have filed on behalf of the *Esposito* Plaintiffs. Through our several years of litigating cases of this specific type, we have learned

the importance of carefully detailing the fiduciary status of the Defendants, as well as the specific conduct of Defendants that breached the specific fiduciary duties assigned to them in order to overcome challenges to the complaint. *See., e.g., Esposito* Compl. ¶¶ 62-92, 143-163. Furthermore, the *Esposito* Complaint contains allegations that carefully track developing ERISA jurisprudence in order to ensure that the Complaint avoids traps for the unwary. *See, e.g., Esposito* Complaint ¶¶ 172-182, 183-198. We respectfully submit that our efforts to date, particularly in the drafting the Complaints filed on behalf of the *Esposito* Plaintiffs, demonstrate the substantial and important steps we have take to day to advance this litigation.

> 2.  **The *Esposito* Plaintiffs' Proposed Leadership Structure Will Provide the Class with Unparalleled Experience in ERISA Litigation and ERISA Company Stock Class Actions.**

When a private litigant hires counsel, they expect counsel who has significant experience in a particular area so that they will not have to pay to get the lawyers up to speed. A review of the firm resumes now submitted in this case demonstrates that the *Esposito* Plaintiffs proposed leadership structure consists of counsel with the most experience in both ERISA litigation generally, and ERISA company stock litigation in particular. *See Esposito* Mem. at 15-24 and Exhibits F and G (firm resumes for Keller Rohrback and Cohen Milstein, respectively) attached to the Declaration of Derek W. Loeser filed therewith. While the other counsel who may seek the lead counsel position in this case are undoubtedly good lawyers, none of the other firms has the depth and breadth of experience that Keller Rohrback and Cohen Milstein have in this nuanced and rapidly developing area of law.[3]

---

[3] In this regard, we note that Shalov Stone Bonner & Rocco LLP ("SSB&R"), proposed lead counsel for Plaintiff Gidaro, provided no indication in its leadership motion that SSB&R has served as lead counsel in any ERISA class action case of this type. Similarly, while Stull Stull & Brody ("SSB"), proposed lead counsel for Plaintiff Yashgur, cites to a relatively small number of analogous ERISA breach of fiduciary duty cases in which it acted in a leadership capacity with other firms, it does not and

Keller Rohrback and Cohen Milstein are national leaders in the field of ERISA class action litigation. All together, as noted in our moving papers, Keller Rohrback and Cohen Milstein have:

- Pioneered and obtained ground-breaking opinions in a wide range of ERISA class action cases, including a multitude of cases like this one challenging the prudence of investments in company stock;
- Served as lead or co-lead counsel in the leading ERISA 401(k) plan company stock litigations and currently serve as lead or co-lead in the leading ERISA company stock cases currently pending nationwide;
- Litigated every stage of this type of ERISA case, from early motions to dismiss through discovery (both fact and expert) through motions for summary judgment to final settlements;
- Exhaustively briefed and argued many of the very issues that will likely arise in this litigation ranging from motions to dismiss to class certification to discovery to motions for summary judgment to final settlements;
- Worked with the Department of Labor;
- Worked with and for independent fiduciaries in connection with Department of Labor regulated review of ERISA company stock settlements involving corporate plan sponsors and corporate officials;
- Established relationships with the key experts in the field and will not have to "reinvent the wheel" as they work with experts and take discovery of opposing experts;
- Worked extensively with counsel in parallel securities cases, which will be invaluable in coordinating the discovery in this case; and

---

cannot claim that its experience level approaches the combined experience of Keller Rohrback and Cohen Milstein.

5

- Successfully guided clients through the exceptionally complex ERISA field, recovering hundreds of millions of dollars on behalf of employees.

This experience is not mere puffery. It is the result of many years of dedication by the attorneys at Keller Rohrback and Cohen Milstein to ERISA and to this specific area of law.

### 3. The *Esposito* Plaintiffs' Proposed Leadership Structure Offers Class Counsel with Unparalleled Knowledge in The Highly Specialized Area of ERISA Law.

Rule 23(g)(1)(C)(iii) requires the consideration of "counsel's knowledge of the applicable law." *Id.* As set forth in the *Esposito* Plaintiffs' moving papers, Keller Rohrback and Cohen Milstein offer unparalleled knowledge of the law in this specific area. *Esposito* Mem. at 15-24. *Esposito* Counsel are is responsible for much of the favorable case law that has developed in this area, and, thus have exhaustively briefed and argued many of the very issues that will likely arise in this litigation, from motions to dismiss, through class certification, discovery, summary judgment, and settlement approval papers. Their intimate familiarity with the law in this area, described in their prior papers, means that the class will have counsel who match the level of ERISA expertise of defense counsel, Skadden, Arps, Meagher & Flom LLP and Gibson, Dunn & Crutcher LLP, both firms with substantial experience litigating ERISA matters. Indeed, because of our extensive background in the field, opposing counsel are familiar to us from prior ERISA cases. Thus, this third Rule 23(g) factor of "counsel's knowledge of the applicable law," also favors the appointment of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel.

### 4. Keller Rohrback and Cohen Milstein Will Dedicate the Resources Necessary to Provide the Class with the Best Representation Possible.

As detailed in their moving papers, the *Esposito* Plaintiffs' Counsel have successfully managed numerous prominent ERISA company stock suits and have invested substantial resources in these efforts. *Esposito* Mem. at 24. There is no question regarding our ability to

6

dedicate the necessary resources to effectively pursue this case. Keller Rohrback includes 54 attorneys, while Cohen Milstein has 66 lawyers in the United States in five cities as well as a closely affiliated London office staffed by four solicitors. Consequently, the Interim Co-Lead Counsel proposed by the *Esposito* Plaintiffs meet the fourth and final requirement of Rule 23(g). Considering all four factors, it is clear that Keller Rohrback and Cohen Milstein are the most qualified to represent the class in this case.

**B.    Proposed Interim Lead Plaintiffs Will Best Represent the Interests of the Class.**

Proposed Interim Lead Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin were participants of the Merrill Lynch 401(k) Savings and Investment Plan (the "SIP"), the Merrill Lynch Retirement Accumulation Plan (the "RAP"), and/or the Merrill Lynch Employee Stock Ownership Plan (the "Traditional ESOP") Plans during the proposed Class Period. As explained in their moving papers, a significant portion of their retirement savings in the Plans was invested in Merrill Lynch stock as a result of the way the Plans were administered by their fiduciaries. *Esposito* Mem. at 12. Their investments have been decimated by the failure of fiduciaries of the Plan to prudently and loyally manage the Plans as required by ERISA. Plaintiffs Carl Esposito, Barbara Boland and Anna Molin seek appointment as Interim Lead Plaintiffs to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

### III. CONCLUSION

For the foregoing reasons, the *Esposito* Plaintiffs request that the Court grant their motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiffs and Interim Co-Lead and Liaison Counsel, and deny the competing motions filed by Plaintiffs Gidaro and Yashgur.

Dated: December 28, 2007

        Respectfully submitted,

        **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

        By  /s/ Lynda J. Grant
        Lynda J. Grant (LG-4784)
        150 East 52nd Street
        Thirtieth Floor
        New York, NY 10022
        Telephone: (212 838-7797
        Facsimile: (212) 838-7745
        E-mail: lgrant@cmht.com

        Steven J. Toll
        Bruce F. Rinaldi
        1100 New York Avenue, NW
        Suite 500 West
        Washington, DC 20005-3964
        Telephone: (202) 408-4600
        Facsimile: (202) 408-4699

        Marc I. Machiz
        1 South Broad Street
        Suite 1850
        Philadelphia, PA 19107
        Telephone: (215) 825-4016
        Facsimile: (215) 825-4001

**KELLER ROHRBACK L.L.P**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

*Counsel for the Esposito Plaintiffs and Proposed Interim Co-Lead Counsel for the Class*

**ZIMMERMAN REED, P.L.L.P.**
Carolyn G. Anderson
Timothy J. Becker
Anne T. Regan
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

**LOCKRIDGE GRINDAL NAUEN, P.L.L.P.**
Gregg M. Fishbein
100 Washington Avenue So., Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Counsel for Plaintiffs Barbara Boland and Anna Molin*

## CERTIFICATE OF SERVICE

I, Lynda J. Grant, certify that on December 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who is registered on the CM/ECF. Service was accomplished on the following counsel listed below not registered through the CM/ECF system via overnight delivery this 28th day of December, 2007.

Jay B. Kasner, Esq.
Skadden, Arps, Slate Meagher
 & Flom LLP
Four Times Square
New York, New York  10036

*Counsel for Defendant Merrill Lynch*

Paul Blankenstein, Esq.
William J. Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

*Counsel for All Defendants, except Merrill Lynch*

      /s/ Lynda J. Grant
       Lynda J. Grant, Esq.