UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,

Plaintiff,

-v.-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS
DIMARIA, PETER STINGI and JOHN
AND JANE DOES 1-20,

Defendants.

Civil Action No.: 07-CV-10268 (DC)

---

[additional captions follow]

**DECLARATION OF RALPH M. STONE IN SUPPORT OF PLAINTIFFS
MARY GIDARO AND CHRISTINE DONLON'S AMENDED MOTION
FOR ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1
CONSOLIDATING THE ERISA ACTIONS AND
APPOINTING INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL**

**MARY GIDARO, individually and on behalf of all others similarly situated,**

                    **Plaintiff,**

          **-v.-**

**MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN and JOHN DOES 1-30,**

                  **Defendants.**

**Civil Action No.: 07-CV-10273 (LBS)**

CHRISTINE DONLON, on Behalf of All
Others Similarly Situated,

                Plaintiff,

        -v.-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, LOUIS DIMARIA , JOHN D.
FINNEGAN, JUDITH MAYHEW JONAS,
AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, CHARLES O.
ROSSOTTI, JOHN DOES 1-20 (BEING
CURRENT AND FORMER MEMBERS OF
THE BENEFITS ADMINISTRATION
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN) and JOHN DOES 21-
40 (BEING CURRENT AND FORMER
MEMBERS OF THE INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN),

                Defendants.

Civil Action No.: 07-CV-10661 (LBS)

**TARA MOORE, individually and on behalf of all others similarly situated,**

                    **Plaintiff,**

        **-v.-**

**MERRILL LYNCH & CO., INC., MERRILL LYNCH & CO., INC. PLAN "INVESTMENT COMMITTEE," MERRILL LYNCH & CO., INC. PLAN ADMINISTRATIVE COMMITTEE, MERRILL LYNCH & CO., INC. MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE, LOUIS DIMARIA, E. STANLEY O'NEAL, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS and JOHN DOES 1-10,**

                    **Defendants.**

**Civil Action No.: 07-CV-10398 (DC)**

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated, | Civil Action No.: 07-CV-10569 (JSR) |

Plaintiff,

-v.-

MERRILL LYNCH & CO., INC., ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401K SAVINGS AND INVESTMENT PLAN, JOHN D. FINNEGAN, JUDITH JONAS MAYHEW, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSITTI, LOUIS DIMARIA, STAN O'NEAL, ALBERTO CRIBIORE, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT and JOHN DOES,

Defendants.

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated, | Civil Action No.: 07-CV-10687 (JGK) |

Plaintiff,

-v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

Defendants.

SEAN SHAUGHNESSEY, individually and
on behalf of all others similarly situated,

               Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC.
INVESTMENT COMMITTEE,
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE OF THE
MERRILL LYNCH & CO., INC. BOARD
OF DIRECTORS, THE MERRILL LYNCH
TRUST COMPANY, FSB,
ADMINISTRATIVE COMMITTEE OF
THE MERRILL LUNCH & CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
LOUIS DIMARIA, ARMANDO M.
CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-40,

               Defendants.

Civil Action No.: 07-CV-10710 (GEL)

BARBARA BOLAND, individually and on behalf of all others similarly situated,

     **Plaintiff,**

  -v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI and JOHN AND JANE DOES 1-20,

     **Defendants.**

Civil Action No.: 07-CV-11054 (MGC)

---

FRANCIS LEE SUMMERS, III, individually and on behalf of all others similarly situated,

     **Plaintiff,**

  -v.-

MERRILL LYNCH & CO., INC., *ET AL.,*

     **Defendants.**

Civil Action No.: 07-CV-11615 (UA)

| | |
|---|---|
| JAMES EASTMAN, individually and on behalf of all others similarly situated,<br><br>       **Plaintiff,**<br><br>   -v.-<br><br>MERRILL LYNCH & CO., INC., *ET AL.*,<br><br>       **Defendants.** | Civil Action No.: 08-CV-00058 (LBS) |

I, Ralph M. Stone, declare the following under penalty of perjury:

1. I am a partner in the law firm of Shalov Stone Bonner & Rocco LLP ("SSBR") and one of the attorneys of record for plaintiff Mary Gidaro and the proposed class members in the above-captioned actions (the "Merrill Lynch ERISA Litigation.")

2. I submit this declaration in support of Plaintiffs Gidaro and Donlon's amended motion for consolidation of the above-captioned actions, their appointment as the Interim Lead Plaintiffs, and the appointment of the law firms of SSBR and Harwood Feffer LLP as the Interim Co-Lead Counsel for the plaintiffs in the Merrill Lynch ERISA Litigation.

3. SSBR and Harwood Feffer LLP have taken leading roles among law firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans, having served or currently serving as lead or co-lead counsel in many ERISA class actions. In appointing SSBR and Harwood Feffer to these lead positions, courts have, of necessity, recognized that the firm has sufficient resources to prosecute these actions. Our qualifications are further described in the memorandum of law in support of this motion and in the attached firm resumes.

4.    In this case, SSBR and Harwood Feffer LLP have conducted substantive investigations regarding the losses suffered by the Plan, filed a detailed complaint with the Court and requested and received documents from Merrill Lynch & Co., Inc. pursuant to ERISA § 104(b).  Our firms have also coordinated with several of the other counsel for plaintiffs in a number of the cases, in an effort to streamline the proceedings and promote efficiency, among other things.

5.    Attached hereto as Exhibit A is a true and correct copy of the order regarding the consolidation of related ERISA actions in *In re Royal Dutch/Shell Transport ERISA Litig.*

6.    Attached hereto as Exhibit B is a true and correct copy of the firm resume of Shalov Stone Bonner & Rocco LLP.

7.    Attached hereto as Exhibit C is a true and correct copy of Harwood Feffer's firm resume.

Dated: New York, New York
       February 11, 2008


                              /s/ Ralph M. Stone
                              Ralph M. Stone

# Exhibit A



# Firm Resume

The law firm of Shalov Stone Bonner & Rocco LLP represents clients in a wide variety of litigation, with an emphasis on class, derivative and other complex actions on behalf of investors and consumers. A majority of the firm's cases involve federal or state securities laws, consumer fraud statutes, product liability claims or corporate governance matters. The firm also actively prosecutes and defends claims on behalf of financial institutions and pension funds, including several banks in New York City and Long Island and the public pension funds of the State of New Jersey, and it represents parties in client/broker disputes, litigations involving discrimination claims, product liability matters and general commercial disputes. The firm maintains offices in New York City and Morristown, New Jersey.

In pursuing its clients' interests, Shalov Stone Bonner & Rocco LLP draws upon its members' experience at the nation's largest firm specializing in the representation of defrauded investors and consumers as well as their experience representing Fortune 500 companies at some of New York's elite defense firms. The firm is committed to achieving favorable results for its clients in the most expeditious and economical manner possible.

In October 2000, in approving a class action settlement achieved by Shalov Stone Bonner & Rocco LLP as Lead Counsel, Judge Cote of the Southern District of New York commented of the firm:

> I felt at every step of the case that you were extraordinarily competent, diligent, responsible, helpful to this court and appropriate in your conduct of this case, and I think the class was well served by your representation of them, very well served.[1]

Similarly, in approving the settlement of the *Cyberguard Securities Litigation* in April 2004, in which Shalov Stone Bonner & Rocco LLP was Co-Lead Counsel, United States Magistrate Judge Andrea M. Simonton in the Southern District of Florida commented:

> I think that the result was an outstanding result. ... [Q]uite frankly, I think that if you didn't have that caliber of counsel on the plaintiffs' side, there is no way that these shareholders would be looking at the recovery that they are and, in my experience, it is a substantial recovery.[2]

---

[1]   Transcript of hearing in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742 (DLC) (October 27, 2000) at 30.

[2]   Transcript of hearing in *Cheney v. Cyberguard Corp.*, Case No. 98-6879 CIV-Gold (April 16, 2004) at 47.

Likewise, in approving a $20.5 million settlement achieved by the firm in *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Judge Baer of the Southern District of New York commented that he viewed the firm's work product to be of high quality, and found that "certainly, the class was ably represented and the ensuing settlement is commendable."[3] The *Dreyfus* settlement represented a recovery of approximately 98% of the losses suffered by the class in that case.

In 2002, the firm was appointed by the New Jersey Attorney General as special counsel to the State of New Jersey public pension funds, and, among other things, is now prosecuting claims on behalf of New Jersey's pension funds arising from their investment losses suffered on investments in Tyco International.

In recent years, the firm has been appointed Lead Counsel or Co-Lead Counsel for Plaintiffs in several significant federal securities class actions, including: *In re Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.) (settlements totaling over $180 million); *In re Winstar Comm. Sec. Litig.* (S.D.N.Y.) (settlements totaling over $30 million); *In re TEAM Communications Securities Litigation* (C.D. Cal.) (settled for $12.5 million); *In re Recoton Securities Litigation* (M.D. Fla.); *In re Crayfish Inc. Securities Litigation* (S.D.N.Y.) (settled for $9 million); *In re Intershop Communications AG Securities Litigation* (N.D. Cal.) (settled for over $3 million); *In re Dreyfus Aggressive Growth Mutual Fund Litigation* (S.D.N.Y.) (settled for $20.5 million); *In re Baan Company Securities Litigation* (D.D.C.) (settled for $32 million); *Cheney v. Cyberguard Corp.* (S.D. Fla.) (settled for $10 million); *Cooper, et al. v. CPS Systems, Inc., et al.* (N.D. Tex.) (settled for $3.44 million); *In re Mitcham Industries Securities Litigation* (S.D. Tex.) (settled for $2.7 million); *Baker v. Health Management Systems, Inc., et al.* (E.D.N.Y.) (settled for $2.45 million); *Yuan v. Bayard Drilling Technologies, Inc., et al.* (W.D. Okla.) (settled for $3.1 million); *Varljen, et al. v. H.J. Meyers & Co., Inc., et al.* (S.D.N.Y.) (settled for more than $5 million); *In re Ferro Corp. ERISA Litig.* (N.D. Ohio) (settled for $4 million); *In re Comerica, Inc. ERISA Litig.* (E.D. Mich.) (settled for $2.2 million).

The firm has also played a leading role and obtained substantial recoveries in a number of consumer class actions. The firm's major consumer class action recoveries include: *Baird, et al. v. Thomson Consumer Electronics, Inc.*, Case No. 00-L-000761 (Madison Cty., Ill.) (over $100 million settlement in cash and other benefits on behalf of persons who purchased certain RCA and GE television sets); *Fundock, et al. v. Matsushita Electric Corporation of America and JVC Americas Corp.*, Docket No. L-7552-00 (Middlesex Cty., N.J.) (settlement for cash and enhanced warranty benefits on behalf of persons who purchased certain Panasonic and JVC DVD players).

---

[3]    Order, *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, No. 98 Civ. 4318, June 22, 2001, 2001 U.S. Dist. LEXIS 8418.

# Professional Biographies

The members and associates of Shalov Stone Bonner & Rocco LLP are Lee S. Shalov, Ralph M. Stone, James P. Bonner, Patrick L. Rocco, Thomas G. Ciarlone, Jr., and Amanda C. Scuder.

**Lee S. Shalov** is a graduate of Boston University and the John Marshall Law School. He is a member of the bars of the State of New York and the Southern and Eastern Districts of New York. He is also a member of the American Bar Association, the New York State Bar Association and the New York County Lawyers Association, where he is a member of the Class Action Committee.

Mr. Shalov has litigated numerous class action lawsuits that have generated substantial recoveries for investors, shareholders and consumers nationwide. Those litigations include: *In re Baan Company Sec. Litig.*, where Mr. Shalov played a leading role in a class action alleging claims under the federal securities fraud laws that resulted in a $32.5 million recovery for the class; *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, where Mr. Shalov was one of the principal counsel in a securities class action that resulted in a $18.5 million settlement on behalf of investors in the Dreyfus Aggressive Growth Fund; and *Baird v. Thomson Consumer Electronics*, where Mr. Shalov was lead counsel in a class action that made available $100 million in cash and other benefits to purchasers of defective television sets. Mr. Shalov has been regularly cited in the press for his innovative efforts on behalf of aggrieved consumers and investors.

Mr. Shalov has also served as principal counsel in a number of cases in which he has secured favorable reported decisions for his clients in litigations involving significant issues related to the federal securities laws, state consumer protection laws and the obligations of corporate fiduciaries. Those reported decisions include: *In re Time Warner Inc. Securities Litigation*, 9 F.3d 259 (2d Cir. 1993), where the United States Court of Appeals for the Second Circuit reversed the trial court's dismissal of a complaint alleging claims under the federal securities laws; *Chrysogelos v. London*, C.A. No. 11910, 1992 Del. Ch. LEXIS 61 (Del. Ch. Mar. 25, 1992), where a complaint alleging derivative claims for breach of fiduciary duty was sustained by the Delaware Court of Chancery; and *Ghandour v. Shearson Lehman Hutton, Inc.*, 570 N.Y.S.2d 541 (1st Dep't 1991), where the New York Appellate Division reversed the lower court's dismissal of a complaint alleging claims for breach of fiduciary duty.

**Ralph M. Stone** is a graduate of Columbia College and the University of Texas School of Law. At the University of Texas School of Law, he served as Notes Editor of *The Review of Litigation*. During law school, Mr. Stone served as a Judicial Extern in the Chambers of the Honorable Consuelo B. Marshall, United States District Judge, Central District of California. Mr. Stone is admitted to practice in the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Sixth and Eleventh Circuits. Mr. Stone serves as an Arbitrator in the New York City Civil Court, Small Claims Part and sat on the Consumer Affairs Committee of the Association of the Bar of the City of New York. Mr. Stone was the Secretary of that committee in 1996-1997. He is also a member of the American Bar Association. Mr. Stone is also currently serving as a Court-appointed Receiver in an SEC insider trading disgorgement case pending in the U.S. District Court for the Southern District of New York.

From 1990 to 1992, Mr. Stone was associated with Mayer, Brown & Platt, where he was involved in a variety of commercial litigation. Mr. Stone was an associate at the law firm of Milberg Weiss from 1992 until August of 1997. At Milberg Weiss, Mr. Stone's practice focused primarily upon the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes and the fiduciary obligations of corporate officers and directors.

Some of the more significant litigations in which Mr. Stone has played a principal role include: *Varljen v. H.J. Meyers & Co.*, a market manipulation and securities fraud class action that resulted in recoveries for an investor class in excess of $5 million; *In re Banpais Securities Litigation*, a class action involving claims under the Securities Act of 1933 that resulted in a $9.25 million settlement; *In re Gitano Securities Litigation*, a securities fraud class action that settled for more than $15 million; *Andrews v. American Telephone & Telegraph Co.*, a consumer fraud class action that resulted in a $60 million partial settlement on behalf of consumers allegedly defrauded in connection with 900 number "sweepstakes" phone calls; and *In re Regeneron Securities Litigation*, a securities fraud class action that resulted in a settlement of $4 million.

Mr. Stone's reported decisions include: *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 804 A.2d 180 (Conn. 2002); *In re Baan Company Securities Litigation*, 81 F. Supp. 2d 75 (D.D.C. 2000); *Milman v. Box Hill Systems Corp.*, 72 F. Supp. 2d 220 (S.D.N.Y. 1999); *Varljen v. H.J. Meyers & Co.*, [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,259 (S.D.N.Y. 1998); *Saddle Rock Partners, Ltd. v. Hiatt*, [1996-97 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 99,413 (W.D. Tenn. 1996); and *Sikes v. American Telephone & Telegraph Co.*, 841 F. Supp. 1572 (S.D. Ga. 1993).

**James P. Bonner** is a *cum laude* graduate of Harvard Law School and a *summa cum laude* graduate of Rutgers University. At Rutgers, Mr. Bonner was a member of the Phi Beta Kappa and Pi Sigma Alpha Honors Societies. He is a member of the bars of New York, New Jersey, and the District Courts for the Southern and Eastern Districts of New York and the District of New Jersey. Mr. Bonner is also a member of the Association of the Bar of the City of New York.

Mr. Bonner was an associate at the New York City law firm of Cahill Gordon & Reindel from 1992 to 1994 and was associated with the firm of Milberg Weiss from 1994 to 1997. His practice has included a wide variety of litigation matters involving the federal securities and antitrust laws, shareholder class and derivative actions, consumer class actions, insurance law and various other commercial matters.

The litigations in which Mr. Bonner has played a principal role include: *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, a securities class action brought on behalf of investors in two Dreyfus mutual funds that resulted in one of the largest ever recoveries by mutual fund investors; *In re Coram Healthcare Securities Litigation*, a federal securities fraud class action that resulted in a recovery of over $49 million for the class, one of the largest recoveries ever achieved in the District of Colorado; *J/H Real Estate v. Abramson*, a securities fraud class action that resulted in a $22 million settlement on behalf of U.S. Healthcare investors, one of the largest settlements ever in a securities fraud class action prosecuted in the Eastern District of Pennsylvania; *In re Genentech Shareholders Litigation*, a class and derivative litigation that resulted in the ouster of the Chief Executive Officer of Genentech as well as improvements in a corporate transaction valued at $15 million from the perspective of Genentech shareholders; *Shaw v. Digital Equipment Corp.*, a securities fraud

class action in which the United States Court of Appeals for the First Circuit reversed the lower court's decision dismissing the plaintiffs' complaint, thereby strengthening the disclosure obligations imposed upon corporations and underwriters in the context of public offerings; and *Baird, et al. v. Thomson Consumer Electronics, Inc.*, a recently settled class action brought on behalf of purchasers of certain RCA and Proscan televisions in which consumers were provided with a 100% recovery for any repair costs that they incurred as a result of the problems addressed by the *Baird* action.

**Patrick L. Rocco** is a *cum laude* graduate of Rutgers Law School and received his undergraduate degree, *cum laude*, from Rutgers College. While in law school, Mr. Rocco was an Associate Articles Editor for the *Rutgers Law Review*. Mr. Rocco is admitted to practice in New York and New Jersey, as well as the United States Supreme Court and the United States District Courts for the Southern District of New York and the District of New Jersey. Following law school, Mr. Rocco served as Law Clerk to United States District Judge Dickinson R. Debevoise in the District of New Jersey. He then was an associate with the New York City law firm of Cahill Gordon & Reindel for five years, where his practice focused primarily upon federal securities law and commercial litigation.

From 1995 to 2001, Mr. Rocco served as an Assistant U.S. Attorney in the District of New Jersey, prosecuting and trying numerous cases, including securities fraud, bank fraud, mail fraud, insurance fraud and tax fraud cases. Mr. Rocco's outstanding achievements at the U.S. Attorney's office resulted in several awards and honors, including the U.S. Attorney's Special Achievement Award following the successful trial and conviction of six defendants in a cocaine, firearms and kidnapping conspiracy, and in which two of the defendants were sentenced to life without parole. That case also

culminated in a published opinion by the U.S. Supreme Court in *United States v. Jacinto Rodriguez-Moreno*, 526 U.S. 275 (1999), wherein the Supreme Court reversed the Court of Appeals and reinstated the only conviction to have been previously reversed in the case. In 1996, Mr. Rocco received a Letter of Commendation from the Director of the FBI for the successful trial and fraud conviction of a high-ranking official of the company that ran the New York and New Jersey state lotteries, resulting in a substantial prison term. In September 1998, Mr. Rocco was nominated by the U.S. Attorney for the District of New Jersey to be an instructor at the U.S. Department of Justice's Trial Advocacy Institute. In January 2001, Mr. Rocco received the U.S. Inspector General's Integrity Award for his outstanding achievements in the successful prosecution of healthcare fraud.

In 2001 and 2002, Mr. Rocco was associated with the law firm of Milberg Weiss, where he played a leading role in prosecuting various securities class action lawsuits. Since joining the firm, Mr. Rocco has handled several complex cases, including acting as co-lead counsel for the class plaintiffs in *In re: Lernout & Hauspie Speech Products N.V. Securities Litigation* pending in U.S. District Court for the District of Massachusetts, and counsel for several New Jersey Pension funds in *In re: Tyco Securities Litigation* pending in U.S. District Court in New Hampshire.

**Thomas G. Ciarlone, Jr.**, an Associate at the Firm, graduated from Cornell Law School in 2001, and received his B.A., *magna cum laude*, in politics and sociology from New York University in 1998. At Cornell Law School, Mr. Ciarlone was a member of the *Cornell International Law Journal*. He also assisted Professor James A. Henderson, Jr., co-reporter for the *Restatement (Third) of Torts: Products Liability*, with several articles that defended the Third Restatement's approach to design defect.

While at N.Y.U., he was elected to *Phi Beta Kappa* and *Alpha Kappa Delta*, and was named both a Founder's Day and a Dean's Circle Scholar.

From 2001 to 2003, Mr. Ciarlone was associated with Cummings & Lockwood in that firm's Trial Group.

Mr. Ciarlone has authored or contributed to articles that have appeared in a number of publications, including the *Connecticut Law Tribune* and the *Quinnipiac Health Law Journal*. His articles include *Medical Malpractice Cases In Connecticut: Infertile Grounds For Bystander Emotional Distress Claims*, which appeared in Volume VI of the *Quinnipiac Health Law Journal*, and he co-authored *Cybersmear May Be Coming to a Website Near You: A Primer for Corporate Victims*, which appeared in *Defense Counsel Journal* (January 2003).

Mr. Ciarlone is admitted to practice in the courts of New York, Connecticut and the District of Columbia. He is also admitted to the Bars of the U.S. District Courts for the Southern District of New York, the Eastern District of New York and the District of Connecticut. He is a member of the American Bar Association, New York State Bar Association, Connecticut Bar Association, and New York County Lawyers' Association.

**Amanda C. Scuder**, an Associate at the firm, received her J.D. from American University, Washington College of Law in 2002, and received her B.A. from Smith College in 1997. Ms. Scuder was a member of American Univeristy's *Journal of Gender, Social Policy & the Law*, which published her Comment, *The Inapplicability of Parental Consent Laws to the Distribution of Mifepristone (RU-486) to Minors*. From 2002 to 2004, Ms. Scuder was an associate at Morelli Ratner PC, where she helped establish and chaired the VIOXX division of that firm's pharmaceutical litigation

department. Ms. Scuder is admitted to practice in New York. She is also admitted to the Bars of the U.S. District Courts for the Southern District of New York and the Eastern District of New York. She is a member of the New York County Lawyers' Association.

**Susan M. Davies**, *Of Counsel* to the Firm, is a litigator with more than seventeen years of experience representing plaintiffs and defendants in complex litigation and commercial cases in New York State and federal trial and appellate courts. She also has represented corporations and individuals in connection with investigations and enforcement actions by the U.S. Securities and Exchange Commission, and in connection with investigations by the United States Attorney's Office for the Southern District of New York and the New York State Office of the Attorney General.

Prior to becoming Of Counsel to Shalov Stone Bonner & Rocco LLP in December 2007, Ms. Davies was a partner at the Gregory P. Joseph Law Offices LLC, and an associate in the litigation departments at Fried, Frank, Harris, Shriver & Jacobson LLP and Sidley Austin LLP. Ms. Davies received her LL.M. from Columbia University School of Law in 1990. At Columbia, she held a Fulbright Scholarship and taught legal research and writing as part of the Law School's Associates-in-Law program. Ms. Davies obtained her LL.B. with First Class Honors from the Australian National University in 1986, where she was awarded the University Medal. From 1984-1986, Ms. Davies served as the Notes Editor of the Australian National University's Federal Law Review.

Ms. Davies is an active member of the legal community. By appointment of the Chief Judge and the Chief Administrative Judge of New York State, Ms. Davies has served as a member of the New York State Office of Court

Administration's Advisory Committee on Civil Practice to the Chief Administrative Judge since 2002. She is currently the Treasurer of the Commercial and Federal Litigation Section of the New York State Bar Association, and has been an active member of the Section's Executive Committee since 2004. Ms. Davies served as the Section's Secretary during 2006-2007, and co-chaired the Section's Committee on New York Civil Practice Law and Rules from 2004-2006. Ms. Davies previously served on committees of the Association of the Bar of the City of New York (1995-1998) and the New York Women's Bar Association (1992-1993).

Ms. Davies's publications include: *Report of the Commercial and Federal Litigation Section on a Proposal for Revision of CPLR Article 65*, Vol. 7, No. 2, NY Litigator (Winter 2001) (co-authored with James N. Blair); *Evidence of Character To Prove Conduct: A Reassessment of Relevancy*, 27 Criminal Law Bulletin 504 (November-December 1991); *Should Hate Speech Be Prohibited In Law Schools?*, 20 Southwestern University Law Review 145 (1991) (co-authored with Prof. Mark Cammack). The article in the Criminal Law Bulletin has been cited by Judge Weinstein in the Eastern District of New York, recognized in the Columbia Law Review as "a watershed survey" and cited by other law review authors as an influential contribution to the law of evidence.

Ms. Davies is admitted to practice law in New York, in the United States Courts of Appeals for the Second and Eleventh Circuits, and in the United States District Courts for the Southern and Eastern Districts of New York. She is also admitted to practice law in Australia, where she is admitted to the rolls of barristers of the High Court of Australia, solicitors of the Supreme Court of New South Wales, and legal practitioners of the Supreme Court of the Australian Capital Territory.

# Exhibit B



## FIRM DESCRIPTION

The law firm of Harwood Feffer LLP ("Harwood Feffer" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Harwood Feffer is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Harwood Feffer has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast



**FIRM DESCRIPTION**
**PAGE 2**

majority of such actions, the Firm's skill and expertise has led to the recovery of substantial monetary

and equitable benefits for investors, stockholders, corporations, and partnerships. By way of example,

the following litigated actions, in which the Firm served in a leadership capacity, were all brought to

highly successful conclusions: 1) In re First Capital Holdings Corporation Financial Products Securities

Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In

re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of settlement fund of $90 million

plus implementation of structural relief); 3) In re Prudential Bache Energy Income Partnerships

Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) In

re JWP Inc. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5)

Morse v. McWhorter, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors

in Columbia/HCA Healthcare Corp.); 6) In re BankOne Securities Litigation, (N.D. Ill.) (creation of

a $45 million settlement fund); and 7) Sidney Morse, et al. v. Abbott Laboratories, et al., (N.D. Ill.)

(creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions.  For example, in In re

Electro-Catheter Securities Litigation, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very
> specialized area and were at all times during the course of the litigation
> that I participated in, which was perhaps the major part of the Court
> litigation here, always well prepared, well spoken, and knew their stuff
> and they are a credit to their profession.  They are the top of the line.



**FIRM DESCRIPTION**
**PAGE 3**

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood**, senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange.  He has prosecuted numerous securities, class, derivative, and ERISA actions.  He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed.  Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent."  Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars."  Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action Suit" p. 18, col. 1).



**FIRM DESCRIPTION**
**PAGE 4**

Mr. Harwood served as co-lead counsel in <u>In Re Interco Incorporated Shareholders Litigation</u>, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in <u>Morse v. McWhorter</u>, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as <u>In re Bank One Securities Litigation</u>, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $44.5 million; <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $24 million; <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.), which resulted in a $37 million settlement fund; <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and <u>In re UNUMProvident Corp. Securities Litigation</u>, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and <u>Edge Partners, L.P. v. Dockser, et al.</u>, (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of <u>Dornberger v. Metropolitan Life Insurance Company</u> in the Southern District of New York, which created a settlement benefit of more than $20 million; the successful prosecution of the <u>Regeneron</u>



**FIRM DESCRIPTION**
**PAGE 5**

<u>Pharmaceuticals, Inc. Securities Litigation</u> in the Southern District of New York, which created a settlement fund in excess of $4 million; and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del. Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second and Fifth Circuits.

Ms. Quitt has played a significant role in numerous actions in which Harwood Feffer served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff shareholders, such as <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.) ( settlement fund of $44.5 million); <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.) (settlement fund of $24 million; <u>In re UNUMProvident Corp. Securities Litigation</u>, (D. Me.) (settlement fund of $45 million); <u>In re Harnischfeger Industries</u> (E.D. Wisc.) (settlement fund of $10.1 million); <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.) (settlement fund of $37 million; <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.) (settlement benefit in excess of $20 million); <u>In re Rexel</u>



**FIRM DESCRIPTION**
**PAGE 6**

Shareholder Litigation, (Sup. Ct. N.Y. County) (settlement benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of Alessi v. Beracha, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Harwood Feffer in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Harwood Feffer, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Harwood Feffer in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: Pace American Shareholder Litigation, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); In re Bay Financial Securities Litigation, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); Crandon



**FIRM DESCRIPTION**
**PAGE 7**

<u>Capital Partners v. Sanford M. Kimmel</u>, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996) (settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); <u>Goldsmith v. Technology Solutions Company</u>, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and <u>cum laude</u> from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, <u>Park Lane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of <u>Morse v. McWhorter</u>, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and <u>In re Olsten Corporation Securities Litigation</u>, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated <u>cum laude</u> from Fordham College in 1980 and <u>cum laude</u> from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as <u>In re Executive</u>



**FIRM DESCRIPTION**
**PAGE 8**

<u>Telecard, Ltd. Securities Litigation</u>, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); <u>In re Verizon Three Way Calling Litigation</u>, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); <u>In re Graham-Field Health Products, Inc. Securities Litigation</u>, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and <u>Geer v. Cox, et al.</u>, Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

 Prior to joining Harwood Feffer, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Harwood Feffer in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

 **Jeffrey M. Norton**, a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department. Mr. Norton graduated <u>cum laude</u> from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center. Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including <u>In re Royal Dutch/Shell Transport ERISA Litigation</u>, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of structural relief). Prior to joining Harwood Feffer, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation,



**FIRM DESCRIPTION**
**PAGE 9**

products liability, consumer protection, and professional liability litigation. He drafted supplement to

Paul D. Rheingold, Mass Tort Litigation (1996) and assisted in litigating the seminal voting rights case

of <u>Goosby v. Town Board of the Town of Hempstead</u>, 981 F. Supp. 751 (E.D.N.Y. 1997), <u>aff</u>, 180 F.3d

476 (2d. Cir. 1999), <u>cert. denied</u>, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of

New York and Connecticut as well as the United States District Courts for the Southern and Eastern

Districts of New York, the Eastern District of Michigan, and the United States Courts of Appeals for

the Second, Third, and Fourth Circuits.

**Peter W. Overs, Jr.**, an associate of the firm, was admitted to the New York Bar in

1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995. He is a

graduate of St. Johns University (J.D., 1993) and New York University (B.A., magna cum laude,

departmental honors in Philosophy, 1990). Mr. Overs authored "U.S. v. Fagg: Stretching the Bounds

of Privacy," 66 St. Johns L. Rev. 1193 (1993). He is a member of the Association of the Bar, City

of New York. Upon graduation from law school, Mr. Overs served as law clerk to the Honorable

Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit. Prior

to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in

antitrust and securities class actions, complex commercial litigation and federal appeals.

**Jennifer K. Hirsh**, an associate at the Firm, graduated from Brown University with

a Bachelor of Arts in History. She received her J.D. from the Benjamin N. Cardozo School of Law

in 2001, where she was the Senior Articles Editor of the Journal of International and Comparative

Law. Ms. Hirsh is a member of the Bar of the State of New York. Prior to joining the Firm,



**FIRM DESCRIPTION**
**PAGE 10**

Ms. Hirsh represented plaintiffs in a variety of complex commercial, securities, class action, and shareholder litigation, including as senior member of the trial team in In re Walt Disney Deriviative Litig.

**Tanya Korkhov**, an associate of the firm, was admitted to the bar in 2006. Ms. Korkhov graduated from New York University with a Bachelor of Arts in English and American Literature. She received her J.D. from the Benjamin N. Cardozo School of Law in 2005, where as a member of the Securities Arbitration Clinic, she represented clients in securities-related matters. Ms. Korkhov represented Cardozo on a four-member team in the 2005 and 2004 annual *Willem C. Vis International Commercial Arbitration Moot Competition* held in Vienna, Austria.

**Roy Shimon**, an associate of the Firm, was admitted to the Bar of the State of New York in 2007. Mr. Shimon graduated with honors from Franklin & Marshall College in 2003 with a Bachelor of Arts in Government and Sociology, where he was inducted into the Pi Sigma Alpha and Alpha Kappa Delta National Honor Societies. He received his J.D. from St. John's University in 2006, where he served on the Board of the Moot Court Honor Society, and as Vice President of the Entertainment & Sports Law Society. Prior to becoming an associate of the Firm, Mr. Shimon served as judicial intern to New York Supreme Court Justice Ronald D. Hollie, and to New York State Supreme Court Justice/Associate Justice Appellate Term Jaime A. Rios.

# EXHIBIT A

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re:                          :
                                      Civil Action No. 04-1398(JWB)
ROYAL DUTCH/SHELL TRANSPORT     :     (Consolidated Cases)
ERISA LITIGATION                      Hon. John W. Bissell
                                :

                                :     **O R D E R**

        Pursuant to the agreement of counsel as to the disposition

of several initial motions in related class actions assigned to

this Court; and good cause appearing in the papers submitted,

        IT IS on this 30th day of June 2004, **ORDERED**:

        (1.)  The following actions are consolidated for all

purposes under "Consolidated Action No. 04-1398."

------------------------------
GORDON LANCASTER, Individually:
and on behalf of all others
similarly situated;             :
                                      Civil Action No. 04-1398
        v.                      :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP
WATTS and PERVIS THOMAS, JR., :

        Defendants.            :
------------------------------
KENNETH LOTTINGER, Individually
and on behalf of a class of all
others similarly situated,      :

        Plaintiffs,            :
                                      Civil Action No. 04-1655(JWB)
        v.                      :

N.V. KONINKLIJKE NEDERLANDSCHE:
PETROLEUM MAATSCHAPPIJ, a/k/a
ROYAL DUTCH PETROLEUM COMPANY;:
THE SHELL TRANSPORT AND
TRADING COMPANY, PLC; et al.; :

              Defendants.   :

------------------------------:
JOHN TRISTAN, JOSE VALADEZ,
OSCAR PENA, HERNALDO RIVERA  :
and JOHN R. ROSENBOOM,
Individually and on behalf of :
all others similarly situated
and on behalf of the Shell   :
Provident Fund and the Shell
Pay Deferral Investment Fund, :

           Plaintiffs,   :
                              Civil Action No. 04-1636(JWB)
      v.             :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP  :
WATTS and PERVIS THOMAS, JR.,
                        :

           Defendants.  :
------------------------------
SCOTT FRANKLIN, JR., Individ- :
ually and on behalf of all
others similarly situated,   :

           Plaintiffs,   :
                              Civil Action No. 04-1694(JWB)
      v.             :

ROYAL DUTCH COMPANY;       :
JEROEN VAN DER VEER;
PHILIP WATTS and          :
PERVIS THOMAS, JR.,
                        :
           Defendants.  :
------------------------------:


    (2.)  Any action hereinafter filed in the Court or

transferred to this Court arising out of the same facts and
asserting the same or substantially similar claims as alleged in
these consolidated cases shall also be consolidated under that
docket number.  All papers submitted herein shall hereafter bear
the caption "IN RE ROYAL DUTCH/SHELL TRANSPORT ERISA LITIGATION"
under the above-mentioned docket number.

(3.)  The terms of this Order shall not have the effect of
making any person, firm or corporation a party to any action in
which he, she, or it has not been named, served or added in
accordance with the Federal Rules of Civil Procedure.

(4.)  When a case which relates to the subject matter of
this Consolidated Action is hereafter filed in this Court or
transferred here from another court, the Clerk of this Court
shall:

    (a)   Mail a copy of this Order to the attorney(s) for
the plaintiff(s) in the newly filed or transferred
case and to the attorneys for any new
defendant(s)in the newly filed or transferred
case; and

    (b)   Mail a copy of the Order of Assignment to counsel
for plaintiffs and to counsel for defendants in
the Consolidated Action.

(5.)  This Court directs counsel to call to the attention of
the Clerk of this Court the filing or transfer of any case which
might properly be consolidated with these actions.

(6.)  This Order shall apply to each case subsequently filed
in this Court or transferred to this Court unless a party

-3-

objecting to the consolidation of such case or to any other provision of this Order shall, within fifteen (15) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

(7.)  All references to filing of documents with the Court or its Clerk shall include electronic filing where feasible and appropriate.

(8.)  The Court hereby designates the following plaintiffs to act as co-lead plaintiffs in this action:  Gordon Lancaster, John Tristan, Jose Valadez, Oscar Pena, Hernaldo Rivera, John R. Rosenboom and Scott Franklin, Jr.

(9.)  The Court designates the following firm to act as co-lead counsel on behalf of plaintiffs with the responsibilities described later in this Order:  Wechsler Harwood LLP, Scott & Scott, LLC and Milberg Weiss Bershad Hynes & Lerach LLP.

(10.)  Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases:  (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chairpersons and members of such committees; (b) the initiation, response, scheduling,

-4-

briefing and argument of all motions; (c) the scope, order and
conduct of all discovery proceedings; (d) such work assignments
to other plaintiffs' counsel as they may deem appropriate; (e)
the retention of experts; (f) designation of which attorneys may
appear at hearings and conferences with the Court; (g) the timing
and substance of any settlement negotiations with defendants; and
(h) other matters concerning the prosecution or resolution of
their respective cases.

(11.)   No motion shall be initiated or filed on behalf of
any plaintiff except through lead counsel in these cases.   Any
discovery dispute shall be brought to the attention of Magistrate
Judge Haneke by letter with five business days to respond.   There
are to be no formal discovery motions filed without prior
permission of the Court.

(12.)   Subject to this Court's exercise of discretion to
review any disputed material decision, lead counsel shall have
sole authority to communicate with defendants' counsel and the
Court on behalf of all plaintiffs in their respective cases,
unless that authority is expressly delegated to other counsel.
Defendants' counsel may rely on all agreements made with lead or
designated counsel, and such agreement shall be binding on all
other plaintiffs' counsel in their respective cases.

(13.)   The Court designates the following firm to act as
liaison counsel on behalf of plaintiffs:   Lite DePalma Greenberg

-5-

& Rivas, LLC.

(14.) Defendants shall effect service of papers on
plaintiffs by serving a copy of the papers electronically, by
overnight mail service, telecopy or hand delivery on:  (a)
liaison counsel and (b) lead counsel.  Liaison counsel shall
effect service on all other plaintiffs' counsel either
electronically or by first class United States mail.  Plaintiffs
shall effect service of papers on defendants by serving a copy of
the paper by overnight mail service, telecopy or hand delivery on
counsel for defendants.  This Court's Master Service List shall
govern in all proceedings.

(15.)  The Court directs all counsel in this Consolidated
Action to make every effort to avoid duplication, inefficiency
and inconvenience to the Court, the parties, counsel and
witnesses.  However, nothing in this Order is intended to
diminish the right of any counsel to be heard on matters that are
not appropriate for joint or common action or as to which there
is a genuine and substantial disagreement among counsel.

(16.)  Each attorney not a member of the Bar of this Court,
who is acting as counsel for a plaintiff or defendant herein and
who is in good standing in any district court of the United
States, shall be deemed admitted pro hac vice to practice before
this Court in connection with this Consolidated Action.

(17.)  The Court recognizes that cooperation by and among

-6-

counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between plaintiffs' counsel and among or between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

(18.)  Plaintiffs, under the direction of lead counsel, shall file and serve their Consolidated Amended Class Action Complaint as to all claims brought by all plaintiffs within thirty (30) days of the date of this Order.  Defendants shall answer, move or otherwise plead within thirty (30) days after service of the Consolidated Amended Complaint.  No dispositive motion shall be filed without prior permission of the Court, unless a schedule for filing, briefing and arguing any such motion shall be set forth in one or more Case Management Orders herein.

(19.)  The parties shall schedule promptly a conference with Hon. G. Donald Haneke, USMJ, in order to, inter alia, generate the initial Case Management Order.

/s/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**ELIZABETH ESTEY, individually and on behalf of all others similarly situated,**

**Plaintiff,**

-v.-

**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,**

**Defendants.**

Civil Action No.: 07-CV-10268 (DC)

---

[additional captions follow]

**PLAINTIFF CHRISTINE DONLON'S [PROPOSED] PRETRIAL ORDER NO. 1
CONSOLIDATING THE ERISA ACTIONS AND
APPOINTING INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD COUNSEL**

MARY GIDARO, individually and on behalf
of all others similarly situated,

               **Plaintiff,**

        **-v.-**

MERRILL LYNCH & CO., INC.; STAN
O'NEAL; LOU DIMARIA; INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
SAVINGS AND INVESTMENT PLAN;
ADMINISTRATIVE COMMITTEE OF
THE MERRILL LYNCH SAVINGS AND
INVESTMENT PLAN and JOHN DOES 1-
30,

               **Defendants.**

Civil Action No.: 07-CV-10273 (LBS)

CHRISTINE DONLON, on Behalf of All
Others Similarly Situated,

                     **Plaintiff,**

          -v.-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, LOUIS DIMARIA , JOHN D.
FINNEGAN, JUDITH MAYHEW JONAS,
AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, CHARLES O.
ROSSOTTI, JOHN DOES 1-20 (BEING
CURRENT AND FORMER MEMBERS OF
THE BENEFITS ADMINISTRATION
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN) and JOHN DOES 21-
40 (BEING CURRENT AND FORMER
MEMBERS OF THE INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN),

                    **Defendants.**

Civil Action No.: 07-CV-10661 (LBS)

TARA MOORE, individually and on behalf
of all others similarly situated,

                        **Plaintiff,**

         **-v.-**

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC. PLAN
"INVESTMENT COMMITTEE,"
MERRILL LYNCH & CO., INC. PLAN
ADMINISTRATIVE COMMITTEE,
MERRILL LYNCH & CO., INC.
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE, LOUIS
DIMARIA, E. STANLEY O'NEAL,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-10,

                        **Defendants.**

Civil Action No.: 07-CV-10398 (DC)

GREGORY YASHGUR, individually and on behalf of all others similarly situated,

               Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC., ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401K SAVINGS AND INVESTMENT PLAN, JOHN D. FINNEGAN, JUDITH JONAS MAYHEW, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSITTI, LOUIS DIMARIA, STAN O'NEAL, ALBERTO CRIBIORE, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT and JOHN DOES,

               Defendants.

Civil Action No.: 07-CV-10569 (JSR)

---

CARL ESPOSITO, individually and on behalf of all others similarly situated,

               Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

               Defendants.

Civil Action No.: 07-CV-10687 (JGK)

**SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,**

|   Civil Action No.: 07-CV-10710 (GEL)

                    **Plaintiff,**


        **-v.-**


**MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC.
INVESTMENT COMMITTEE,
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE OF THE
MERRILL LYNCH & CO., INC. BOARD
OF DIRECTORS, THE MERRILL LYNCH
TRUST COMPANY, FSB,
ADMINISTRATIVE COMMITTEE OF
THE MERRILL LUNCH & CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
LOUIS DIMARIA, ARMANDO M.
CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-40,**

                    **Defendants.**

| | |
|---|---|
| **BARBARA BOLAND, individually and on behalf of all others similarly situated,** | **Civil Action No.: 07-CV-11054 (MGC)** |
| **Plaintiff,** | |
| -v.- | |
| **MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI and JOHN AND JANE DOES 1-20,** | |
| **Defendants.** | |

| | |
|---|---|
| **FRANCIS LEE SUMMERS, III, individually and on behalf of all others similarly situated,** | **Civil Action No.: 07-CV-11615 (UA)** |
| **Plaintiff,** | |
| -v.- | |
| **MERRILL LYNCH & CO., INC., *ET AL.*,** | |
| **Defendants.** | |

| | |
|---|---|
| **JAMES EASTMAN, individually and on behalf of all others similarly situated,**<br><br>      **Plaintiff,**<br><br>   -v.-<br><br>**MERRILL LYNCH & CO., INC., *ET AL.*,**<br><br>      **Defendants.** | Civil Action No.: 08-CV-00058 (LBS) |

**WHEREAS**, the above-referenced actions (collectively, the "ERISA Actions"), allege breaches of fiduciary duties by Merrill Lynch & Co. Inc. ("Merrill Lynch" or the "Company") and various related fiduciaries in violation of the Employee Retirement Income Security Act ("ERISA") involving the Merrill Lynch 401(k) Saving and Investment Plan, the Retirement Accumulation Plan and the Employee Stock Ownership Plan (the three plans treated under a single umbrella by Merrill Lynch and referred to collectively herein as the "Plan"), established as a benefit for the Company's employees, and such actions involve common questions of law and fact;

**WHEREAS**, appointment of Interim Lead Plaintiffs and Lead Counsel is appropriate and consistent with the recommendations of the Manual for Complex Litigation (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

**NOW, THEREFORE, THE COURT ORDERS** as follows:

## I.  CONSOLIDATION OF RELATED ACTIONS

The ERISA Actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action").  They shall be referred to collectively as *In re Merrill Lynch ERISA Litigation*, Master File No. 07-CV-10268 (LBS).

## II. CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MERRILL LYNCH<br>ERISA LITIGATION )<br><br>THIS DOCUMENT RELATES TO: ) | MASTER FILE: 07-CV-10268 (LBS) |

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III. MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### IV.  MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 07-CV-10268 (LBS). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

### V.  NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI.  APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plan.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.  APPOINTMENT OF INTERIM LEAD PLAINTIFF

The Court appoints Plaintiffs Mary Gidaro and Christine Donlon as Interim Lead Plaintiffs in the ERISA Actions and all subsequently filed, related actions consolidated herewith.  The Court shall make a final determination regarding the identity of Lead Plaintiff(s)/Class Representative(s) on Plaintiff's motion for class certification, or otherwise as the Court deems necessary and appropriate. The Interim Lead Counsel as identified below may identify different or additional Lead Plaintiff(s)/Class Representative(s) at such time as it moves for class certification in this litigation.

## VIII.  APPOINTMENT OF INTERIM LEAD COUNSEL

The Court designates the law firms of Shalov Stone Bonner & Rocco LLP and Harwood

Feffer LLP to act as Interim Lead Counsel for the plaintiffs in the ERISA Actions and all subsequently filed, related actions consolidated herewith, with the responsibilities hereinafter described.

Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiff:

    a)  directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

    b)  appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Lead Counsel;

    c)  retaining experts;

    d)  communicating with the Court;

    e)  communicating with defense counsel;

    f)  conducting settlement negotiations;

    g)  collecting and reviewing time and expense records from all plaintiffs' counsel;

    h)  maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

    i)  coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the

litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through Lead Counsel.

All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Lead Counsel.

Lead Counsel is appointed Interim Lead Counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## IX. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

## X. PRELIMINARY SCHEDULE OF PROCEEDINGS

To the extent that they have not already done so, Lead Counsel and counsel for the defendants shall confer regarding the timing of plaintiffs' Consolidated Complaint and defendants' response thereto, including briefing of any motion(s) by any defendant(s) directed at the Consolidated Complaint, and shall submit a proposed schedule for the Court's approval. As it is in the interest of all parties that only the proper parties are named in the consolidated complaint, defendants shall produce within fourteen (14) days of the entry of this order core ERISA documents and information that would enable Plaintiffs to accurately identify the specific persons who serve as plan fiduciaries. Discovery in this consolidated ERISA action is not stayed. For purposes of this Order and preliminary production, core ERISA documents are as follows: Plan documents and materials that describe the operation, administration, and management of the Plan; documents that

identify the Plan fiduciaries and describe the scope of their fiduciary duties; and board or committee minutes and/or resolutions that pertain to the Plan and show the appointment or removal of Plan fiduciaries or otherwise demonstrate the fiduciary function of the board or any committee.

The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the Consolidated Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: _____, 2008

_____
Leonard B. Sand
United States District Court Judge

Form of Order Submitted By:

Ralph M. Stone (rstone@lawssb.com)
Susan M. Davies (sdavies@lawssb.com)
Thomas G. Ciarlone (tciarlone@lawssb.com)
Amanda C. Scuder (ascuder@lawssb.com)
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, New York  10018
(212) 239-4340
Fax (212) 239-4310

      - and -

Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
HARWOOD FEFFER LLP
488 Madison Avenue
New York, New York 10022
(212) 935-7400
Fax (212) 753-3630

*Proposed Interim Co-Lead Counsel for Plaintiffs*

## **<u>CERTIFICATION</u>**


      This is to certify that the foregoing motion, supporting memorandum of law, declaration, and accompanying proposed order were served, this eleventh day of February, 2008, via electronic mail, to all persons on the attached service list.


                              /s/ Ralph M. Stone                 
                              Ralph M. Stone

SERVICE LIST

Wai Kin Chan, Esq.
Curtis Victor Trinko, Esq.
**Law Offices of Curtis V. Trinko, LLP**
16 W 46th Street, 7th Floor
New York, NY 10036
kchan@trinko.com
ctrinko@trinko.com

Edward W. Ciolko, Esq.
Joseph H. Meltzer, Esq.
Joseph A. Weeden, Esq.
Katherine B. Bornstein, Esq.
**Schiffrin & Barroway, LLP**
280 King of Prussia Road
Radnor, PA 19087
eciolko@sbclasslaw.com
jmeltzer@sbclasslaw.com
jweeden@sbclasslaw.com
kbornstein@sbclasslaw.com

*Counsel for Plaintiffs Elizabeth Estey and Tara Moore*

Edwin J. Mills, Esq.
**Stull Stull & Brody**
6 E 45th Street, 5th Floor
New York, NY 10017
ssbny@aol.com

*Counsel for Plaintiff Gregory Yashgur*

Robert A. Izard, Esq.
William Edward Bernarduci, Esq.
**Schatz Nobel Izard P.C.**
20 Church Street, Suite 1700
Hartford, CT 06103
rizard@snlaw.net
wbernarduci@snlaw.net

*Counsel for Plaintiff Sean Shaughnessey*

Robert I. Harwood, Esq.
Samuel Kenneth Rosen, Esq.
**Harwood Feffer LLP**
488 Madison Avenue, 8th Floor
New York, NY 10022
rharwood@hfesq.com
srosen@hfesq.com

*Counsel for Plaintiff Christine Donlon*

Lynda J. Grant
**Cohen Milstein Hausfeld & Toll**
150 E 52nd Street, 30th Floor
New York, NY 10022
lgrant@smht.com

*Counsel for Plaintiffs Carl Esposito and Barbara Boland*

Jill S. Abrams
**Abbey Spanier Rodd & Abrams LLP**
212 E 39th Street
New York, NY 10016
jabrams@abbeyspanier.com

Robert Roseman
**Spector Roseman & Kodroff LLP**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
rroseman@srk-law.com

William T. Payne
Ellen M. Doyle
**Stember Feinstein Doyle & Payne LLC**
1007 Mt. Royal Blvd.
Pittsburg, PA 15223
wpayne@stemberfeinstein.com
edoyle@stemberfeinstein.com

*Counsel for Plaintiff Francis Lee Summers, III*

Arvind Khurana
Lori G. Feldman
Sara E. Fuks
**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza
New York, NY 10119
akhurana@milbergweiss.com
lfeldman@milbergweiss.com
sfuks@milbergweiss.com

*Counsel for Plaintiff James Eastman*

Paul Blankenstein, Esq.
William J. Kilberg, Esq.
**Gibson, Dunn & Crutcher LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
pblankenstein@gibsondunn.com
wkilberg@gibsondunn.com

*Counsel for All Defendants, except Merrill*

Jay B. Kasner, Esq.
**Skadden, Arps, Slate Meagher & Flom LLP**
Four Times Square
New York, NY 10036
jay.kasner@skadden.com

*Counsel for Defendant Merrill Lynch*