UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>            v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                      Defendants. | **Case No. 07-CV-10268 (LBS)** |

[*additional captions follow*]

**THE *ESPOSITO* PLAINTIFFS' REPLY IN SUPPORT OF THE *ESPOSITO* PLAINTIFFS' MOTION TO CONSOLIDATE ERISA CASES, APPOINT INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL**

| MARY GIDARO, individually and on behalf of all others similarly situated, | **Case No.  07-CV-10273 (LBS)** |
|---|---|
| Plaintiffs, | |
| v. | |
| MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, | |
| Defendants. | |
| TARA MOORE, individually and on behalf of all others similarly situated, | **Case No.  07-CV-10398 (LBS)** |
| Plaintiffs, | |
| v. | |
| MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, | |
| Defendants. | |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>                    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                        Defendants. | **Case No.  07-CV-10569 (LBS)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>                    v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                        Defendants. | **Case No.  07-CV-10661 (LBS)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>　　　　　　　　Defendants. | **Case No.  07-CV-10687 (LBS)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>　　　　　　　　Defendants. | **Case No.  07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>Defendants. | **Case No.  07-CV-11054 (LBS)** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>Defendants. | **Case No. 07-Civ-11615 (LBS)** |

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>           Defendants. | **Case No. 08-Civ-0058 (LBS)** |
| DOMINICK J. PASCULLO and RAYMOND GONZALEZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH & CO., INC. PLAN INVESTMENT COMMITTEE, MERRILL LYNCH & CO., INC. PLAN ADMINISTRATIVE COMMITTEE, MERRILL LYNCH & CO., INC. MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE, LOUIS DIMARIA, E. STANLEY O'NEAL, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS and JOHN DOES<br><br>           Defendants. | **Case No. 08-CV-1116 (LBS)** |

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   DISCUSSION ................................................................................................................. 2

      A.    The Four Factors of Rule 23(g) Support Appointment of Keller Rohrback
          and Cohen Milstein as Interim Co-lead Counsel .................................................... 2

            1.    Keller Rohrback & Cohen Milstein Have the Most Comprehensive
                 ERISA Experience and Expertise to Offer the Class ................................. 2

            2.    SSBR and Harwood Feffer Cannot Match the ERISA
                 Qualifications of Keller Rohrback and Cohen Milstein. ........................... 4

      B.    Rule 23(g) Requires the Court to Appoint the Most Qualified Counsel --
          Not the First to File a Complaint or First to Move for Consolidation .................. 7

      C.    Competing Counsel's Assertion that their Client is the Least Likely to be a
          Former Participant In Merrill's Plan is both Wrong and Irrelevant ..................... 9

III.  CONCLUSION .............................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Banyai v. Mazur*,
    00-cv-9806(SHS) (S.D.N.Y.)....................................................................................5

*Beam v. HSBC Bank USA*,
    02-cv-0682(E) (W.D.N.Y.)....................................................................................5

*Bridges v. Am. Elec. Power Co.*,
    498 F.3d 442 (6th Cir. 2007) ...............................................................................10

*In re CMS ERISA Litig.*,
    02-cv-72834 (E.D. Mich.).....................................................................................5

*In re Delphi ERISA Litig.*,
    230 F.RD. 496, (E.D. Mich. 2005) .....................................................................5

*In re Dynegy, Inc. ERISA Litig.*,
    03-cv-0423(K) (S.D. Tex.)....................................................................................5

*In re Global Crossing ERISA Litig.*,
    02-cv-7453 (S.D.N.Y.)......................................................................................8,9

*In re Global Crossing, Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .........................................................................3

*Graden v. Conexant Sys. Inc.*,
    496 F.3d 291 (3d Cir. 2007)................................................................................10

*Hargrave v. TXU Corp.*,
    03-cv-0423(K) .......................................................................................................5

*Harzewski v. Guidant Corp.*,
    489 F.3d 799 (7th Cir. 2007) ..............................................................................10

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ........................................................................10

*In re Marsh ERISA Litig.*,
    No. 04-8157 (S.D.N.Y.).........................................................................................9

*Mehling v. New York Life*,
    99-cv-5417 (E.D. Pa.) ...........................................................................................5

*Mullins v. Pfizer*,
    23 F.3d 663 (2d Cir. 1994)..................................................................................9

*Nowak v. Ford Motor Co., et. al.*,
    240 F.R.D. 355 (E.D. Mich. 2006) ......................................................................7

*In re Polaroid ERISA Litig.*,
    03-cv-8335 (S.D.N.Y)..................................................................................5,9

*In re Polaroid ERISA Litig.*,
    240 F.R.D. 65 (S.D.N.Y. 2006) .........................................................................10

*Simpson v. Fireman's Fund*,
    05-cv-0225(CW) (N.D. Cal.)...............................................................................5

*Stephen Grey v. Citigroup, Inc.*,
    07-cv-9790-SHS (S.D.N.Y.)................................................................................6

*TCW Tech. Ltd. P'ship v. Intermedia Commc'ns, Inc.*,
    No. 18336, 18289, 18293, 2000 Del. Ch. Lexis 147 (Del. Ch. Oct. 17, 2000) .......................7

*In re Terazosin Hydrochloride*,
    220 F.R.D. 672 (S.D. Fla. 2004).........................................................................3

*Tittle v. Enron Corp.*,
    01-cv-4913 (S.D. Tex.) ....................................................................................5

*U.S. Fidelity & Guar. Co. v. Lord*,
    585 F.2d 860 (8th Cir.,1978) ...........................................................................10

*Wetzel v. Liberty Mut. Ins. Co.*,
    508 F.2d 239 (3d Cir. 1975)..............................................................................10

*Whetman v. IKON*,
    No. MDL 1318 (E.D. Pa.)..................................................................................5

*In re Williams Co. ERISA Litig.*,
    02-cv-0153 (N. D. Okla.)..................................................................................5

*In re WorldCom ERISA Litig.*,
    02-cv-4816 (S.D.N.Y.).................................................................................5,8

*Zhu v. Fujitsu*,
    03-cv-1148 (N.D. Cal) ....................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(g)(1)(C)(i) ........................................................................................2

Fed. R. Civ. P. 23(g)(2)(B) ........................................................................................3, 5

Private Securities Litigation Reform Act of 1995 .......................................................7

## I. **INTRODUCTION**

Plaintiffs Carl Esposito, Barbara Boland, and Anna Molin ("*Esposito* Plaintiffs") respectfully submit this Reply in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel. Specifically, this Reply addresses certain arguments contained in the Opposition memorandum submitted by Plaintiffs Gidaro and Donlon.[1]

As the prior submissions of Keller Rohrback L.L.P. ("Keller Rohrback") and Cohen, Milstein, Hausfeld & Toll P.L.L.C. ("Cohen Milstein") show, Keller Rohrback and Cohen Milstein have unmatched experience and expertise in ERISA class action company stock cases, such as this one, and ERISA class action litigation in general.[2]

The competing firms cannot genuinely contend that they possess the same level of experience or expertise in this area of law. Moreover, the arguments raised by SSBR and Harwood Feffer – that they are "amply qualified," that they "filed first," that their client is a "current employee," that they live in New York, and the various other arguments they raise, as discussed below," are without merit as a matter of law, and, thus, fail to present any basis for deviating from the selection of counsel with superior knowledge of ERISA law, experience in cases of this type, and a track record of success both individually and working together as a

---

[1] *See* Plaintiffs Gidaro and Donlon's Memorandum of Law in Opposition to Competing Motions for Interim Lead Counsel ("G&D Opp.") submitted by Shalov Stone Bonner & Rocco LLP ("SSBR") and Harwood Feffer LLP ("Harwood Feffer") on February 19, 2008. Plaintiff Gidaro previously filed a Memorandum of Law in Opposition to Competing Motions for Consolidation and Appointment of Lead Counsel and in Further Support of her Motion ("*Gidaro* Resp.") on Dec. 31, 2007.

[2] *See, e.g, Esposito* Plaintiffs' Opposition to Plaintiffs Gidaro and Donlon's Joint Amended Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating the ERISA Actions and Appointing Lead Plaintiffs and Interim Lead Counsel, filed on February 15, 2008 ("*Esposito* Opp. to G&D Joint Mot.").

team.  Accordingly, the *Esposito* Plaintiffs respectfully submit that their motion for appointment

of Keller Rohrback and Cohen Milstein as Interim Co-Lead Counsel should be granted.

## II. DISCUSSION

A.    **The Four Factors of Rule 23(g) Support Appointment of Keller Rohrback and
Cohen Milstein as Interim Co-lead Counsel.**

The question before the Court is which of the proposed leadership structures will best

represent the interests of the putative Class.  As noted in Keller Rohrback and Cohen Milstein's

prior submissions, four factors predominate:

- the work counsel has done in identifying or investigating potential claims in the
  action;
- counsel's experience in handling class actions, other complex litigation, and
  claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i).

These four factors and the record before this Court support appointment of the *Esposito*

Plaintiffs as lead plaintiffs and their attorneys, Keller Rohrback and Cohen Milstein, as Interim

Co-Lead Counsel.

1.    **Keller Rohrback & Cohen Milstein Have the Most Comprehensive ERISA
Experience and Expertise to Offer the Class.**

The *Esposito* Plaintiffs previously set forth in detail the basis for their selection and

explained how each of the four factors delineated in Rule 23(g) support appointment of Keller

Rohrback and Cohen Milstein as Interim Co-Lead Counsel in this case.[3]

---

[3] *See* Memorandum in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases,
Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel, for Entry of Pretrial Order No. 1
("*Esposito* Mem."), filed on December 14, 2007, at 13-24; *Esposito* Plaintiffs' Opposition to
(1) Plaintiff Mary Gidaro's Motion For Consolidation and Appointment of Interim Counsel for
the Class, and (2) Plaintiff Gregory Yashgur's Motion for Consolidation of all Related ERISA
Actions and for Appointment of a Lead Plaintiff and Interim Lead Counsel ("*Esposito* Opp."),
filed on December 28, 2007, at 8-12; and (3) the *Esposito* Opp. to Joint G&D Mot.

Federal Rule 23(g)(2)(B) states: "If more than one adequate applicant seeks appointment as counsel, the court must appoint the applicant best able to represent the interests of the class." The conventional wisdom that experience is the most important factor when selecting lead counsel applies with particular force in a complex case of this sort in which the law is rapidly developing. *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").[4]

With all due respect to competing counsel, Keller Rohrback and Cohen Milstein have significantly more experience in ERISA litigation in general, and ERISA company stock litigation in particular, and have devoted substantial resources and time to developing an expertise in this area of law. Both Keller Rohrback and Cohen Milstein are recognized nationally for the results they have achieved in litigating cases of this same type. We also have earned the respect of leading ERISA scholars and public interest ERISA practitioners. *See Esposito* Opp. to Joint Amended Motion at 8, citing Exhibits B and E thereto, Declaration of Professor Langbein ¶ 20; Declaration of Nancy Signorelle ¶¶ 15 – 19. *See also* Declaration of Karen Ferguson, attached hereto as Exhibit A.[5]

---

[4] Indeed, many courts have recognized that this is a highly complex and rapidly developing area of law. *See, e.g., In re Global Crossing, Sec. & ERISA Litig.*, 225 F.R.D. 436, 456 (S.D.N.Y. 2004) (finding that "[f]iduciary status, the scope of fiduciary responsibility, the appropriate fiduciary response to the Plans' concentration in company stock and [Global Crossing's] business practices would be issues for proof, and numerous legal issues concerning fiduciary liability in connection with company stock in 401(k) plans remain unresolved").

[5] Similarly, Keller Rohrback and Cohen Milstein have received strong support from other counsel in the Merrill cases proposed for consolidation who explain the basis for their support in their submissions. *See* Plaintiffs *Elizabeth Estey and Tara Moore's* Memorandum in Support of the *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel, for Entry of Pretrial Order No.1, and in Opposition to Plaintiff Gidaro's Motion for Consolidation and Appointment of Interim Counsel for the Class, filed Feb. 19, 2008 ("Based on these experiences, as well as generally monitoring the status of

Accordingly, we respectfully submit that we are best able to represent the interests of the class in this important, large-scale ERISA class action case.

2.   **SSBR and Harwood Feffer Cannot Match the ERISA Qualifications of Keller Rohrback and Cohen Milstein.**

SSBR cites to two ERISA breach of fiduciary duty cases in which it acted in a leadership capacity with other firms; it does not and cannot claim that its experience level approaches the combined experience of Keller Rohrback and Cohen Milstein.  For example, Keller Rohrback has achieved settlements for its ERISA clients in analogous cases in excess of **$750 million** to employees and retirees (*Esposito* Mem. at 16-17); in comparison, SSBR has achieved ERISA settlements of just over $6 million.  G&D Opp. at 5.  Indeed, SSBR does not claim any role in the development of this practice area.  Nor does it claim to possess any particular expertise in this area.  On the contrary, SSBR suggests*, inter alia,* that Keller Rohrback and Cohen Milstein's expertise is not important in the selection of lead counsel because briefs we have prepared in other similar cases **are available on Pacer and Westlaw**.  *Gidaro* Resp. at 7; <u>repeated</u> at G&D Opp. at 9.  We submit, however, that SSBR cannot duplicate our advocacy or ERISA experience merely by copying from our work in past cases.

We have devoted years to this practice area, and it is through that process that we have honed the skill set and deep understanding of ERISA law to litigate cases of this type efficiently and effectively.   While we do not doubt that SSBR are good lawyers, we believe that our knowledge of ERISA and our track record of success in this precise type of case make us best

---

major complex litigation in Federal and State Courts throughout the United States, we are convinced that KR and CMHT possess the greatest experience and have produced the most significant results in complex ERISA litigation in Federal Courts nationwide when compared with the other law firms involved in this litigation."); *see also* Plaintiffs Pascullo and Gonzales Memorandum in Support of Esposito Plaintiffs, filed Feb. 19, 2008.

able to represent the interests of the class, as required for selection under Fed. R. Civ. P. 23(g)(2)(B).

Similarly, Harwood Feffer has accomplishments in complex litigation, including the ERISA field. However, Harwood Feffer's ERISA experience does not rival either Keller Rohrback or Cohen Milstein <u>alone</u>. In the G&D Opp. Mem, counsel take issue with the *Esposito* Plaintiffs' assertion that most of Harwood Feffer's ERISA cases are at relatively early stages. G&D Opp. at 6. But, aside from revisiting a few accomplishments discussed in its earlier briefs, the G&D Opp. Mem. provides no indicia that Harwood Feffer's other previously cited ERISA cases have been litigated much beyond the pleading stage.[6] There can be no dispute that the combined ERISA experience and success of Keller Rohrback and Cohen Milstein exceeds that of competing counsel.

The G&D Opp. Mem. invokes the nascent *Citigroup ERISA Litigation*[7] and attempts to persuade this Court that the leadership selection in that case supports the "superiority of Harwood Feffer" here. G&D Opp. at 7. However, Keller Rohrback was not involved in the leadership fight in the Citigroup case, and the suggestion that Judge Stein chose Harwood Feffer

---

[6] On the other hand, Keller Rohrback has litigated ERISA cases through fact and expert discovery, class certification, summary judgment and trial preparation, in such cases as *Whetman v. IKON,* No. MDL 1318 (E.D. Pa.); *In re WorldCom ERISA Litig*., 02-cv-4816 (DLC) (S.D.N.Y.); *In re Williams Co. ERISA Litig*., 02-cv-0153 (N. D. Okla.); *Tittle v. Enron Corp.*, 01-cv-4913 (S.D. Tex.); *In re CMS ERISA Litig*., 02-cv-72834 (E.D. Mich.); *In re Polaroid ERISA Litig*., 03-cv-8335 (S.D.N.Y.), among many others. Cohen Milstein's is similarly experienced having successfully litigated through trial a variety of ERISA class action cases, including *Beam v. HSBC Bank USA*, 02-cv-0682(E) (W.D.N.Y.); *Banyai v. Mazur*, 00-cv-9806(SHS) (S.D.N.Y.); *In re Dynegy, Inc. ERISA Litig.,* 03-cv-0423(K), 03-cv-0577 (S.D. Tex.); *Zhu v. Fujitsu,* 03-cv-1148 (RMW) (N.D. Cal); *Simpson v. Fireman's Fund,* 05-cv-0225(CW) (N.D. Cal.); *Mehling v. New York Life,* 99-cv-5417 (E.D. Pa.) (settlement pending final approval); *Hargrave v. TXU Corp.,* 03-cv-0423(K), 03-cv-0577(K) (N.D. Tex) (settlement pending final approval).

[7] *Stephen Grey v. Citigroup, Inc.*, 07-cv-9790-SHS (S.D.N.Y.)("Citigroup ERISA Litigation")

over Cohen Milstein as *interim lead counsel* is false.  Cohen Milstein was proposed only as *liaison counsel* in the Citigroup case.[8]  Indeed, in Citigroup, Judge Stein, *sua sponte*, noted the extensive ERISA experience of Cohen Milstein's Marc Machiz.  In response, Harwood Feffer's co-counsel in the Citigroup case expressly argued that liaison counsel's experience should *not* be considered in the court's decision.[9]   Consequently, any implication that Judge Stein found the experience of Harwood Feffer superior to that of Cohen Milstein finds no support in the transcript.  Moreover, in the instances in which Wechsler Harwood LLP, the predecessor to the recently formed Harwood Feffer, competed with Keller Rohrback for a leadership position in ERISA cases, the courts appointed Keller Rohrback. *See, e.g., In re Delphi ERISA Litig.*, 230 F.RD. 496, 497-99 (E.D. Mich. 2005) (appointing Keller Rohrback lead counsel over several firms including Wechsler Harwood LLP).

B.    **Rule 23(g) Requires the Court to Appoint the Most Qualified Counsel --Not the First to File a Complaint or First to Move for Consolidation.**

In support of its leadership motion, SSBR and Harwood Feffer pick up the argument previously made by SSBR that they should be appointed lead because SSBR filed its complaint before the *Esposito* Plaintiffs.  *See Gidaro* Resp. at 6-7; repeated  G&D Opp. at 8.  This argument lacks merit, and, indeed, is contrary to Rule 23(g).  *See, e.g., Nowak v. Ford Motor Co., et. al*., 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the

---

[8] *See* Plaintiffs Shaun Rose and Mark Geruolo's Reply in Further Support of Their Superseding Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Co-Lead Counsel, and Liaison Counsel (D.E. #48) in *Stephen Grey v. Citigroup, Inc.*, 07-cv-9790-SHS (S.D.N.Y.)("Citigroup ERISA Litigation").

[9] "I don't think that your Honor can take into consideration the ERISA experience that Mr. [Machiz] has because he is not seeking to be lead counsel in this case, he is only seeking to be liaison counsel in this case…."  Exhibit B, Transcript of January 17, 2008 hearing at 9.

requirements of Rule 23(g).").  Indeed, the "race to the courthouse" is a thing of the past, even in securities actions where it once was the common practice.  *See, e.g.,* H.R. Conf. Rep. No. 104-369, Joint Explanatory Statement of the Committee of Conference (Nov. 28, 1995) (Private Securities Litigation Reform Act of 1995 passed with such intent); *TCW Tech. Ltd. P'ship v. Intermedia Commc'ns, Inc.*, No. 18336, 18289, 18293, 2000 Del. Ch. Lexis 147, at *8-9 (Del. Ch. Oct. 17, 2000) ("It is not the race to the courthouse door . . . that impresses the members of this Court when it comes to deciding who should control and coordinate litigation on behalf of the shareholder class….").  Hence, a court should not appoint lead counsel based merely on who filed first, but rather such appointment must be based on a careful consideration of the Rule 23(g) factors.

Furthermore, despite SSBR's repeated suggestion that they were "among the first to identify, investigate and plead the claims," in truth, the various complaints were all filed within a three-and-one-half week period.  Accordingly, the fact that SSBR "ostensibly" filed the first action has no bearing on the selection of the most qualified counsel.

SSBR and Harwood Feffer's other arguments likewise fail to demonstrate that those firms are best qualified to lead this case.  They assert that only SSBR made "an effort to avoid burdening the court" by relating the case to the Merrill Lynch Securities Litigation and criticize other firms for having "unnecessarily made duplicative motions."  G&D Opp. at 8.  But these arguments ignore the far more burdensome inefficiencies inherent in SSBR's own race to the courthouse.  Its late December filing for appointment of *Sole Lead Counsel* required an entire round of briefing later rendered moot by counsel's re-consideration of its strategy and the resulting  Joint Amended Motion with Harwood Feffer.  The two firms' belated pairing ensures that significant efforts already have been duplicated in the research and drafting of the complaint.

In contrast, Keller Rohrback and Cohen Milstein's coordinated investigation, drafting, and continuing collaboration are part and parcel of a history of working as co-counsel with proven results for their firms' clients.[10]

Finally, Harwood Feffer and SSBR's argument that they should be appointed lead counsel because Keller Rohrback and Cohen Milstein "propose to staff the case with four out of state partners and one local liaison partner." G&D Opp. at 8, is grasping at straws. Cohen Milstein has a New York office, and both Keller Rohrback and Cohen Milstein have many times been appointed lead or co-lead counsel in New York in nationally prominent ERISA class action cases without regard to where the firms are based, including, *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litigation*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.) (J. Kram). Obviously, where counsel live has nothing to do with who is the most qualified to lead this litigation.

**C.  Competing Counsel's Assertion that their Client is the Least Likely to be a Former Participant In Merrill's Plan is both Wrong and Irrelevant.**

SSBR and Harwood Feffer repeat the argument previously made by SSBR that because Plaintiff Gidaro is the only current employee among the plaintiffs, she is the "least likely" to be a former participant, and, thus, most likely to have standing. G&D Opp. at 10 (repeating same argument as *Gidaro* Resp. at 8). This argument has no basis in the law, makes no sense, and, is contrary to the best interest of the class.

---

[10] The G&D Opp. Mem. also resurrects SSBR's prior criticism of Keller Rohrback's press release announcing the pendency of its investigation. G&D Opp. at n.5. This argument is not well taken. SSBR's proposed Co-Lead counsel, Harwood Feffer, used a nearly-identical press release in connection with its own Merrill Lynch investigation. *See* Exhibit C attached hereto.

Under ERISA, whether a participant is a current or former *employee* is irrelevant.  It is black letter ERISA law that a plaintiff's *participation* in the plan, not their employment status, is the relevant inquiry.  A plaintiff who is a current plan participant unquestionably has standing to bring suit of this type.  *See, e.g.*, *Mullins v. Pfizer*, 23 F.3d 663, 667 (2d Cir. 1994).    On February 15, 2008, Plaintiffs Esposito and Boland filed (and served) declarations demonstrating that they are current plan participants.  *See* Exhibits F and G to the *Esposito* Opp. to G&D Joint Mot.  Accordingly, Plaintiffs Esposito and Boland unquestionably have standing under ERISA to serve as plaintiffs in this case.

SSBR and Harwood Feffer's speculation about who is "least likely" to be a former participant makes no sense, since the Court has before it declarations from Plaintiffs Boland and Esposito attesting to their current participation in the Plans at issue.  SSBR and Harwood Feffer have offered no similar declaration from Plaintiff Gidaro.

Moreover, even if Esposito and Boland were not current participants, SSBR and Feffer's argument is contrary to every Court of Appeals considering the issue, all of which have rejected the argument that former participants lack standing to sue under ERISA.  *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007); *Graden v. Conexant Sys. Inc.,* 496 F.3d 291, 303 (3d Cir. 2007); *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442, 444 (6th Cir. 2007). Second Circuit authority is not to the contrary. *See, e.g., In re Polaroid ERISA Litig.,* 240 F.R.D. 65, 70-72 (S.D.N.Y. 2006).

In a related argument, SSBR and Harwood Feffer argue that Plaintiff Gidaro, as a current *employee*, is somehow better suited "to adequately represent the interests of current employees, who likely make up a vast majority of the class."  G&D Opp. at 11.  As made clear above, a proposed lead plaintiff's employment status is a distinction without a difference.  Former

9

employees have repeatedly been held appropriate class representatives for classes including both current and former employees. *See, e.g., U.S. Fidelity & Guar. Co. v. Lord,* 585 F.2d 860, 874 (8th Cir.,1978) ("it is well settled that, even if the class representatives are no longer employees, they may nonetheless be adequate representatives of a class of past and present employees."); *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); and *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 206 (S.D.N.Y. 2006). This is even more pertinent here, where the claims are being pursued on behalf of the Plan and its beneficiaries, a class for which employment status is entirely irrelevant.

SSBR and Harwood Feffer's "adequacy" argument is unfortunate. The argument has no basis in fact or law, and appears to be based solely on a desire to promote the interests of SSBR and Harwood Feffer. The fact of the matter is the class, like every ERISA class of participants, will be made up of both current and former employees, all of whom have equal standing under ERISA and were harmed by the conduct alleged in this action. There is no distinction under ERISA law between current and former ***employees***, and only the Defendants gain by arguing otherwise. We categorically reject the argument now and will do so again on class certification if we are appointed co-lead counsel in this case.

### III. CONCLUSION

For the foregoing reasons, and as outlined in previous submissions, the *Esposito* Plaintiffs respectfully request that the Court grant their Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiffs and Interim Co-Lead and Liaison Counsel.

DATED:  February 20, 2008.

10

Respectfully submitted,

**COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.**

By:_____/s/_____
Lynda G. Grant  (LG-4784)
150 East 52nd Street
Thirtieth Floor
New York, NY  10022
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

Steven J. Toll
Bruce F. Rinaldi
Michelle C. Yau
1100 New York Avenue, NW
Suite 500 West
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Marc I. Machiz
1 South Broad Street
Suite 1850
Philadelphia, PA  19107
Telephone:  (215) 825-4016
Facsimile:  (215) 825-4001

**KELLER ROHRBACK L.L.P.**
Lynn L. Sarko
Derek W. Loeser
Erin M. Riley
Tyler L. Farmer
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Counsel for the Esposito Plaintiffs and
Proposed Interim Co-Lead Counsel for the
Class*

## CERTIFICATE OF SERVICE

I, Michelle C. Yau, hereby certify that on February 20, 2008, I electronically filed true and correct copies of the attached document with the Clerk of Court using the CM/ECF system, which will send notification of filing to the CM/ECF participants on the attached Service List, and I hereby certify that I have caused true and correct copies of the foregoing documents to be served via U.S. mail to the following non-ECF participants on the attached Service List.

_____/s/_____
Michelle C. Yau

| | |
|---|---|
| Wai Kin Chan, Esq.<br>Curtis Victor Trinko, Esq.<br>Law Offices of Curtis V. Trinko, LLP<br>16 West 46th Street, Seventh Floor<br>New York, New York 10036<br>Fax: (212) 986-0158<br><br>Email: kchan@trinko.com<br>        ctrinko@trinko.com<br><br><br>*Counsel for Plaintiff Elizabeth Estey and Tara Moore* | Edward W. Ciolko, Esq.<br>Joseph H. Meltzer, Esq.<br>Joseph A. Weeden, Esq.<br>Katherine B. Bornstein, Esq.<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Fax: 610-667-7056<br><br>Email: eciolko@sbclasslaw.com<br>        jmeltzer@sbclasslaw.com<br>        jweeden@sbclasslaw.com<br>        kbornstein@sbclasslaw.com<br><br>*Counsel for Plaintiffs Elizabeth Estey and Tara Moore* |

| | |
|---|---|
| Ralph M. Stone, Esq.<br>Thomas George Ciarlone, Jr., Esq.<br>Amanda Claire Scuder, Esq.<br>Shalov Stone & Bonner LLP<br>485 Seventh Avenue, Suite 1000<br>New York, New York  10018<br>Fax:  (212) 239-4310<br><br>Email:  rstone@lawssb.com<br>         tciarlone@lawssb.com<br>         ascuder@lawssb.com<br><br>*Counsel for Plaintiff Mary Gidaro* | Edwin J. Mills, Esq.<br>Stull Stull & Brody<br>6 East 45th Street, 5th Floor<br>New York, New York  10017<br>Fax:  (212) 490-2022<br><br>Email:  ssbny@aol.com<br><br>*Counsel for Plaintiff Gregory Yashgur* |
| Robert A. Izard, Esq.<br>William Edward Bernarduci, Esq.<br>Schatz Nobel Izard P.C.<br>20 Church Street, Suite 1700<br>Hartford, CT  06103<br>Fax:  (860) 493-6290<br><br>Email:  rizard@snlaw.net<br>         wbernarduci@snlaw.net<br><br>*Counsel for Plaintiff Sean Shaughnessey* | Robert I. Harwood, Esq.<br>Samuel Kenneth Rosen, Esq.<br>Harwood Feffer LLP<br>488 Madison Avenue, 8th Floor<br>New York, New York  10022<br>Fax:  (212) 753-3630<br><br>Email:  rharwood@hfesq.com<br>         srosen@hfesq.com<br><br>*Counsel for Plaintiff Christine Donlon* |
| Jill S. Abrams<br>Abbey Spanier Rodd & Abrams LLP<br>212 East 39th Street<br>New York, New York  10016<br>Fax:  (212) 684-5191<br><br>Email:  jabrams@abbeyspanier.com<br><br>*Counsel for Plaintiff Francis Lee Summers, III* | Arvind Khurana<br>Lori G. Feldman<br>Sara E. Fuks<br>Milberg Weiss Bershad & Schulman LLP<br>One Pennsylvania Plaza<br>New York, New York  10119<br>Fax:  (212) 656-1222<br><br>Email:  akhurana@milbergweiss.com<br>         lfeldman@milbergweiss.com<br>         sfuks@milbergweiss.com<br><br>*Counsel for Plaintiff James Eastman* |
| Thomas J. McKenna, Esq.<br>Gainey & McKenna<br>29 Madison Avenue<br>New York, NY 10017<br>Fax:   (212) 983-0383<br><br>Email:  tjmckenna@gaineyandmckenna.com<br><br>*Counsel for Plaintiff Dominick Pascullo* | |

| | |
|---|---|
| Jay B. Kasner, Esq.<br>Skadden, Arps, Slate Meagher & Flom LLP<br>Four Times Square<br>New York, New York  10036<br>Fax:  (212) 735-2000<br><br>Email:  jay.kasner@skadden.com<br><br>*Counsel for Defendant Merrill Lynch* | Paul Blankenstein, Esq.<br>William J. Kilberg, Esq.<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-5306<br>Fax:  (202) 530-9532<br><br>Email:  pblankenstein@gibsondunn.com<br>        wkilberg@gibsondunn.com<br><br>*Counsel for All Defendants, except Merrill Lynch* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>　　　　　　　　Defendants. | Case No.  07-CV-10268 (LBS) |

[*additional captions follow*]

**DECLARATION OF KAREN FERGUSON IN SUPPORT OF *ESPOSITO* PLAINTIFFS' AMENDED NOTICE OF MOTION TO CONSOLIDATE ERISA CASES AND APPOINT <u>INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL</u>**

| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>     Defendants. | **Case No. 07-CV-10273 (LBS)** |
| TARA MOORE, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>     Defendants. | **Case No. 07-CV-10398 (LBS)** |

| | |
|---|---|
| GREGORY YASHGUR, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>              v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                    Defendants. | **Case No.  07-CV-10569 (LBS)** |
| CHRISTINE DONLON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>              v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                    Defendants. | **Case No.  07-CV-10661 (LBS)** |

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>          Defendants. | **Case No.  07-CV-10687 (LBS)** |
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br>          Defendants. | **Case No.  07-CV-10710 (LBS)** |

| | |
|---|---|
| BARBARA BOLAND and ANNA MOLIN, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>               v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                  Defendants. | **Case No.  07-CV-11054 (LBS)** |
| FRANCIS LEE SUMMERS, III, Individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br><br>MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30,<br><br>              Defendants. | **Case No. 07-Civ-11615 (LBS)** |

| | |
|---|---|
| JAMES EASTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, LOUIS DIMARIA, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, CHARLES O. ROSSOTTI, JILL K. CONWAY, CAROL T. CHRIST, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, DAVID K. NEWBIGGING, THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401(K) SAVINGS AND INVESTMENT PLAN, THE ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH 401(K) SAVINGS AND INVESTMENT PLAN, and JOHN DOES 1-20,<br><br>                Defendants. | **Case No. 08-Civ-0058 (LBS)** |
| DOMINICK J. PASCULLO and RAYMOND GONZALEZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>V.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH & CO., INC. PLAN INVESTMENT COMMITTEE, MERRILL LYNCH & CO., INC. PLAN ADMINISTRATIVE COMMITTEE, MERRILL LYNCH & CO., INC. MANAGEMENT DEVELOPMENT AND COMPENSATION COMMITTEE, LOUIS DIMARIA, E. STANLEY O'NEAL, ALBERTO CRIBIORE, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, AULANA L. PETERS, AND JOHN DOES 1-10,<br><br>                Defendants. | **Case No. 08-Civ-1116 (LBS)** |

I, Karen W. Ferguson, hereby declare as follows:

1.      My name is Karen Ferguson.  Since its founding in 1976, I have served as the Director of the Pension Rights Center.  The Pension Rights Center is located at 1350 Connecticut Ave., NW Suite 206, Washington, D.C.  20036-1739. The Pension Rights Center's  website is located at http://www.pensionrights.org/index.html.

2.      The Pension Rights Center is a non-profit, consumer organization which has as its mission the protection and promotion of retirement security for workers, retirees and their families.  It is the only such organization dedicated solely to this mission.  For over thirty years the Pension Rights Center has provided legal representation, informal assistance, and information to tens of thousands of participants and beneficiaries seeking to recover pension and 401(k) benefits and ensure that their plans are prudently managed.

3.      In my capacity as the Director of the Pension Rights Center, I oversee the Center's educational, legislative, regulatory, and advocacy programs.  I have written numerous articles about pension issues, and I am the co-author of the Pension Book, What You Need to Know to Prepare for Retirement (1996).

4.      I am a graduate of Harvard Law School, and a Charter Fellow of the American College of Employee Benefits Counsel.  Before starting the Pension Rights Center, I worked as a lawyer for  the federal government, a law firm, a public interest group, and a large pension fund.

5.      I have known Marc Machiz since he was a trial attorney at the United States Department of Labor in the early 1980s.  Over the years, I have had the opportunity to work with him both as a government official when he served as Associate Solicitor of Labor and the Department of Labor's chief ERISA lawyer from 1988 to 2000, and in private practice after he joined Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as a partner.  In July of 2000, Mr. Machiz was

inducted into the American College of Employee Benefits Counsel as a Charter Fellow, one of fewer than ten lawyers regularly representing participants and beneficiaries to receive that honor.

6.     Throughout his career, both as a government official and in private practice, I have known Mr. Machiz as a knowledgeable and dedicated advocate for the rights of participants.

7.     Mr. Machiz's reputation in the ERISA community generally, and in the smaller community of those who have chosen to represent the interests of employee benefit plan participants, is excellent.  He is sought after as a speaker on legal issues bearing on pension rights.

8.     As Director of the Pension Rights Center I have invited Mr. Machiz to participate in educational programs sponsored by the Center.  I have also asked him to provide advice to groups representing pension plan participants and beneficiaries and individual pension plan participants.

9.     Repeatedly, the Pension Rights Center has chosen Mr. Machiz and his firm to file amicus briefs on our behalf in cases involving issues that are central to the ability of pension plan participants to protect their rights.  Most recently, Mr. Machiz co-authored a brief for the Pension Rights Center before the Supreme Court of the United States in the pending case of *Larue v. Dewolff, Boberg and Associates Inc.*, No. 06-856.  A copy of the brief is posted on our website at http://www.pensionrights.org/action/courts/amicus_briefs/larue_v_dewolff_prc_amicus_brief.pdf.  The case will decide whether 401(k) plan participants can seek monetary relief under ERISA to restore losses to plans that affect the accounts of fewer than all plan participants.  Previously, Mr. Machiz has authored or co-authored briefs on behalf of the Pension Rights Center in *Langbecker v. EDS*, 476 F.3d 299 (5th Cir. 2007) (on appeal and in support of rehearing *en banc*

addressing the proper interpretation of the Department of Labor's regulation under section 404(c) of ERISA) and *Harley v. 3M*, 284 F.3d 901 (8th Cir. 2002) cert. den. 537 U.S. 1106 (2003) (brief in support of *certiorari*) (addressing participant standing to sue for losses to overfunded defined benefit plans).

10.    Based on my experience with Mr. Machiz's work, and the work of his firm, I would not hesitate to recommend him and his firm to others seeking representation in litigation arising under Title I of ERISA.  On behalf of the Pension Rights Center, I will continue to seek Mr. Machiz's advice and representation in the future.  Mr. Machiz is indisputably one of the leading ERISA lawyers in the country representing participants and beneficiaries of pension plans.  Without question, I would recommend Mr. Machiz and his firm to represent a class of participants and beneficiaries alleging imprudence in the management of 401(k) plan assets.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 20th day of February 2008, in the District of Columbia.

_____
Karen Ferguson
Director, Pension Rights Center
1350 Connecticut Ave., NW Suite 206,
Washington, D.C.  20036-1739
Tel:  (202) 296-3776
Fax:  (202) 833-2472

**Excerpts from Transcript of Citigroup Hearing on 1/17/08**

1

81G9CITA              Argument
1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------------------------x
2
3   IN RE: CITIGROUP CASES
3
4
4                            07 CV 9790 (SHS)
5
5
6   ------------------------------------------------x
6                            New York, N.Y.
7                            January 17, 2008
7                            4:20 p.m.
8
8   Before:
9
9               HON. SIDNEY H. STEIN,
10
10                          District Judge
11
11                     APPEARANCES
12
12  HARWOOD FEFFER LLP
13       Attorney for Plaintiff Samier Tadros
13  BY:  ROBERT I. HARWOOD
14
14  WOLF POPPER LLP
15       Attorney for Plaintiffs Stephen Gray and James Bolla
15  BY:  MARIAN P. ROSNER
16       JAMES KELLY-KOWLOWITZ
16       ANDREW E. LENCYK
17
17  STULL, STULL & BRODY
18       Attorneys for Plaintiff Steven Goldstein
18  BY:  HOWARD T. LONGMAN
19       EDWIN J. MILLS
20  SCHATZ NOBEL IZARD P.C.
20       Attorney for Plaintiffs Shaun Rose and Mark Geroulo
21  BY:  ROBERT A. IZARD
21       MARK P. KINDALL
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

2

81G9CITA                Argument

1                   APPEARANCES CONTINUED
2    COHEN MILSTEIN HAUSFELD & TOLL
2        Attorneys for Plaintiffs Shaun Rose, Mark Geroulo, and
3    William Woodward
3    BY:  MARC I. MACHIZ
4        LYNDA J. GRANT
5    SARRAF GENTILE LLP
5        Attorney for Plaintiff Mark Geroulo
6    BY:  RONEN SARRAF
6
7    BRAGAR WEXLER & EAGEL, P.C.
7        Attorneys for Plaintiff Meredith Tranberg
8    BY:  PAUL D. WEXLER
8        JEFFREY H. SQUIRE
9
9    SANFORD, WITTELS & HEISLER, LLP
10       Attorney for Plaintiff Francia Brick
10   BY:  WILLIAM WEINSTEIN
11
11   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
12       Attorneys for Defendants
12   BY:  DOUGLAS M. PRAVDA
13       LEWIS R. CLAYTON
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

81G9CITA                     Argument

1  But, in addition to serving the requests, getting the ERISA
2  documents, and hiring a damage expert, we have investigated --
3  we have an in-house investigator who has been delving more
4  deeply into the facts in preparation of the consolidated
5  complaint.  And I don't think that there's anybody here that
6  can say that they have done anything, let alone more than us,
7  to move this case along.
8          THE COURT:  Tell me about your ERISA experience.  We
9  have Mr. Machiz, who spent twelve years in the government
10  dealing with ERISA cases, and as I say, the other action he
11  represents the plaintiff on before me is an ERISA case as well.
12  So I'd like to hear about the ERISA experience of your firm.
13          You mentioned the In Re:  AIG Litigation.  Is that the
14  one before Judge Sprizzo?
15          MS. ROSNER:  That's the one before Judge Sprizzo.
16          THE COURT:  And the other guys take potshots at you
17  saying:  Well, he didn't appoint anyone lead/colead counsel.
18  He said I don't do that until I determine whether or not
19  there's a class.  So everybody is here.  Congratulations.  Work
20  together.  And we'll move forward.  That's the way I took that
21  transcript.
22          MS. ROSNER:  Not necessarily.  I think he was going to
23  appoint my firm and Squitieri.  I said to the court I think
24  that's unfair to Keller Rohrback.  And as a result of that, the
25  court included Keller Rohrback as well as Mr. Harwood's firm,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9

81G9CITA                    Argument

1    and that's how it came about.  But, we did move with Keller
2    Rohrback to be colead counsel.  And, in fact, they had no
3    problem with our ERISA experience.  Indeed, we brought them
4    into the case in order to broaden the ERISA experience, just as
5    we brought Mr. Harwood into the case because of his extensive
6    ERISA experience.
7            Now I don't think that your Honor can take into
8    consideration the ERISA experience that Mr. Madrose has because
9    he is not seeking to be lead counsel in this case.  He is only
10   seeking to be liaison counsel in this case and unless he --
11           THE COURT:  Are you talking about Mr. Machiz?
12           MS. ROSNER:  Mr. Machiz is seeking to be liaison or
13   local counsel in this case.
14           THE COURT:  I'm going to have some questions for them
15   because it does look like the group was shifting who it was
16   asking to be lead counsel.
17           Go ahead.
18           MS. ROSNER:  So, you really have to analyze the
19   qualifications of our two firms, the resources we bring, the
20   combined experience we bring, and the work that we've done
21   against the Schatz and the Stull firm.
22           THE COURT:  Tell me, again, about your ERISA
23   experience outside of AIG.  And tell me about Mr. Harwood as
24   well, unless you wanted him to say, because you propose that
25   you work together.  Talk to me a little about the ERISA

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300



NEWS ROOM

▸ Become a Member   ▸ Email Alerts   ▸ Company News   ▸ Specialty Newslines   ▸ Search News

# NEWS Releases

 SEARCH News



*Source:* Harwood Feffer LLP

## Harwood Feffer Announces an Investigation On Behalf of Participants and Beneficiaries of the Merrill Lynch & Co., Inc. Employee Stock Ownership Plan

NEW YORK, Nov. 2, 2007 (PRIME NEWSWIRE) -- The New York law firm of Harwood Feffer LLP today announced that it has commenced an investigation on behalf of participants and beneficiaries of the Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company") (NYSE:MER) Employee Stock Ownership Plan (the "Plan") for violations of the Employee Retirement Income Security Act of 1974 in relation to the handling of investments in the Plan by certain named and unnamed administrators and fiduciaries.

In particular, the investigation focuses on whether the Company and certain Plan administrators breached their fiduciary duties of loyalty and prudence to the Plan and its participants by, inter alia: (a) misrepresenting and failing to disclose material facts to the Plan and the Plan participants in connection with the management of the Plan's assets and (b) permitting the Plan to be invested in Merrill Lynch common stock when it was imprudent to do so.

If you are a Plan participant and hold shares of Merrill Lynch common stock in your retirement benefit plan and want to discuss this investigation with an attorney or have any questions concerning this notice, your legal rights or any matter within our expertise, you may e-mail or call Robert H. Harwood at 877-935-7400 (ext. 226), or another firm representative who will, without obligation or cost to you, attempt to answer your questions. Harwood Feffer has taken a leading role in many important actions on behalf of defrauded shareholders, employee investors, and consumers and is responsible for hundreds of millions of dollars in recoveries. The Harwood Feffer website (www.hfesq.com) contains detailed information regarding this matter and additional information about the firm.

```
CONTACT:   Harwood Feffer LLP
           Robert H. Harwood, Esq.
           (877) 935-7400 (ext. 226)
           rharwood@hfesq.com
           http://www.hfesq.com
           488 Madison Avenue, 8th Floor
           New York, New York 10022
```

### Blogging/Bookmarking

- Blogger
- Blog Search
- Digg
- del.icio.us
- Google Bookmarks
- Newsvine
- Reddit
- StumbleUpon
- Technorati
- Yahoo MyWeb

### Other News Releases from Harwood Feffer LLP

Harwood Feffer Announces Intensified Investigation On Behalf of Participants and Beneficiaries of the First American Corporation 401(K) Savings Plan - Nov 7, 2007

Harwood Feffer LLP Announces Securities Class Action Suit Against American Mortgage Investment Corp. -- AHM - Aug 13, 2007

Harwood Feffer LLP Announces Amended Class Action Suit Against CDW Corporation - Aug 7, 2007

Harwood Feffer LLP Announces Investigation Concerning Sterling Financial Corp. 401(k) Retirement Plan - Jun 22, 2007

Harwood Feffer LLP Announces Securities Class Action Suit Against Wireless Facilities, Inc. -- WFII - Apr 16, 2007

Harwood Feffer LLP Announces Securities Class Action Suit